**Alexandria**

PAULINE R. ARTIS

v.

HERBERT ARTIS

No. 1532-85

Decided April 7, 1987

COUNSEL

Robert B. Machen, for appellant.

Robert P. Hudock, for appellee.

OPINION

**DUFF, J.** — In this appeal, Pauline R. Artis (wife) seeks reversal of an equitable distribution award made pursuant to Code § 20-107.3. She raises three issues: (1) whether the court erred in failing to determine the value of Herbert Artis' (husband) military

pension before making its monetary award; (2) whether the court abused its discretion when, without making any findings, it awarded her fifteen percent of her husband's military pension when the husband had stipulated that the factors required to be considered by Code § 20-107.3(E) relating to contributions to the general welfare of the family and to the accumulation of marital assets were equal; and (3) whether the court abused its discretion in not awarding her attorney's fees.

Based upon our review of the record, we find that the trial court erred in awarding the wife fifteen percent of her husband's military pension. We, therefore, reverse the equitable distribution decree and remand for further proceedings consistent with this opinion.

The wife filed a bill of complaint in the Circuit Court of Fairfax County on April 17, 1984, requesting a divorce on the grounds of desertion and adultery. The husband filed an answer and cross-bill on October 26, 1984, praying for a divorce on the grounds of cruelty and constructive desertion. The commissioner in chancery found that there was no corroborative evidence to support a finding of fault on the part of either party. His report was filed, with no exceptions taken, and a decree of divorce *a vinculo matrimonii* was entered on May 23, 1985, on the ground that the parties had lived separate and apart without interruption for a period in excess of one year. All issues pertaining to spousal and child support, child custody, equitable distribution, and attorney's fees were reserved for later determination.

An equitable distribution hearing was held on July 10, 1985. The parties had agreed to the disposition of various marital assets, including a boat, a stereo system, a money market account, two automobiles and the family residence. These assets are not involved in this appeal. The marital property that was submitted to the court for a decision regarding equitable distribution consisted of an interest in a beach condominium, IBM stock, life insurance, an interest in an escrow account with USAA insurance, and the husband's military pension. Of these, the wife challenges the court's treatment of the military pension.

The husband stipulated that the wife had made an equal contribution to the marriage, to the well being of the family, and to the acquisition, care, and maintenance of the marital property. The

parties also stipulated that the marriage had lasted twenty-seven years, that the husband had spent twenty-three of those years on active duty as a naval officer, and that during this period, the wife was employed and was solely responsible for the children when the husband was overseas.

With regard to the parties' monthly earnings, evidence was given that the husband had retired from the naval service and was working for IBM. His average gross monthly income was $5,286, which included his military pension of $1,885. The wife was employed as a payroll technician at the Naval Ship Research and Development Center in Maryland. She received a gross monthly salary of $1,560 plus $145 per month from investments.

The wife introduced expert evidence concerning the present value of the military pension, which was assessed at $670,054. No other evidence was submitted regarding the value of the pension. At the conclusion of the trial, the court awarded the wife fifteen percent of the husband's pension, payable as he received it, $500 per month child support, and $500 per month spousal support. The court denied the wife's request for attorney's fees on the ground that she had ample means to pay her own fees.

I.

Based on the trial court's failure to make a finding of value of the military pension, the wife argues that the monetary award was invalid. The husband takes the position that a specific finding was not required because Code § 20-107.3(G) authorizes a court to direct payment of a percentage of pension benefits.

We reject the husband's argument that in view of Code § 20-107.3(G), valuation by the court is unnecessary. Code § 20-107.3(G) provides a method by which the monetary award granted under Code § 20-107.3(D) may be satisfied. However, the court should not determine the method of payment pursuant to subsection (G) until it has fully complied with the previous subsections and requirements of Code § 20-107.3, including valuation and a monetary award.

We have previously examined the procedural requirements of Code § 20-107.3 in *Hodges v. Hodges*, 2 Va. App. 508, 516-17, 347 S.E.2d 134, 139 (1986), *Rexrode v. Rexrode*, 1 Va. App.

385, 391-94, 339 S.E.2d 544, 548-50 (1985), and *McGinnis v. McGinnis*, 1 Va. App. 272, 275-77, 338 S.E.2d 159, 160-61 (1985).

■■■ Where an equitable distribution award is appropriate, then *all* of the provisions of Code § 20-107.3 must be followed. *Rexrode*, 1 Va. App. at 394, 339 S.E.2d at 550. The court must "determine the legal title as between the parties, and the ownership and *value* of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property and which is marital property." Code § 20-107.3(A) (emphasis added). This determination must go beyond mere guesswork. *Hodges*, 2 Va. App. at 516, 347 S.E.2d at 139. Once the marital property is identified and valued, then the court is authorized to make a monetary award based on all the factors enumerated in Code § 20-107.3(E). *Rexrode,* 1 Va. App. at 394, 339 S.E.2d at 550. The amount of the award and method of payment are a result of a consideration of these factors, including the present value of the pension or the retirement benefits. Code § 20-107.3(E)(8); *McLaughlin v. McLaughlin*, 2 Va. App. 463, 471, 346 S.E.2d 535, 539 (1986).

This appeal does not involve a dispute about the identity of the marital property. The parties acknowledge that since the vast majority of the benefits were earned during the marriage, the pension is marital property. *See Sawyer v. Sawyer*, 1 Va. App. 75, 335 S.E.2d 277 (1985). The issue raised by the wife is the court's failure to value the military pension.

At the conclusion of the hearing, the court rendered an oral decision, which did not include a finding of the present value of the military pension. However, its final decree entered November 1, 1985, *nunc pro tunc*, July 10, 1985, contained a statement that the unrefuted evidence showed that the husband's vested military pension had a present value of $670,054. We hold that this statement was a specific finding of present value of the pension and, therefore, that the wife's argument is without merit.

II.

The trial court ordered a fifteen/eighty-five percent split of the military retirement pension. The wife argues that the court's award of fifteen percent was an abuse of discretion, especially

since the court failed to apply or mention the application of the various factors in Code § 20-107.3(E). While recognizing that the law of Virginia does not presume that equitable distribution means equal distribution, *Papuchis v. Papuchis*, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986), she contends that the court should have given a clear reason to show that equity required a monetary award based upon an unequal division. Her contention is also supported by the husband's stipulation that the parties' contributions to the general welfare of the family and to the accumulation of marital assets were equal.

In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case. *Rexrode*, 1 Va. App. at 394-95, 339 S.E.2d at 550 (citing *Wadlow v. Wadlow*, 200 N.J. Super. 372, 377-78, 491 A.2d 757, 760 (1985)).

However, as in the present appeal, when the chancellor fails to state any basis for reaching a given conclusion, the appellate court is hindered in its review. *See Woolley v. Woolley*, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986). "Aside from obvious defects which may be revealed when only the end product of deliberation is announced, the chancellor who fails to provide at least some of the steps in his thought process leaves himself open to the contention that he did not in fact consider the required factors." *Id.* (quoting *Campolattaro v. Campolattaro*, 66 Md. App. 68, 81, 502 A.2d 1068, 1075 (1986)).

Based upon our review of the entire record, we are unable to tell whether the trial court considered all the relevant factors in Code § 20-107.3(E) in making its award. It is not clear from the record how the chancellor arrived at an award of fifteen percent, particularly in light of the husband's stipulation that the parties' contributions to the general welfare of the family and to the accumulation of the marital assets were equal. While we do not require that every step in the chancellor's thought process be set out in the record, we hold that there should be some evidence that the chancellor's award was based upon the stipulation as well as a consideration of the other factors in Code § 20-107.3(E).

## III.

Finally, the wife argues that the court abused its discretion in failing to award attorney's fees after finding that she was entitled to spousal support. In support of her argument, she cites the following language in *Thomas v. Thomas*, 217 Va. 502, 229 S.E.2d 887 (1976): "[W]here . . . the trial court finds [that] the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of [its] discretion." *Id.* at 505, 229 S.E.2d at 890.

We do not believe that the court in *Thomas* intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case. *See Rowand v. Rowand*, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974). The equities in the *Thomas* case warranted an award of attorney's fees. The agreed statement of facts indicated that the wife's income was $1,546 per annum; the husband's yearly income was $28,000. *Thomas*, 217 Va. at 503, 229 S.E.2d at 888-89. In view of this evidence, the Supreme Court found that not awarding attorney's fees was an abuse of discretion.

In the present case, the trial court concluded that the wife had ample resources to pay her own attorney's fees. Evidence was given that she was employed, making a reasonable salary, and had a number of assets, including her residence, cash in the bank, and an automobile. Under these circumstances, we cannot find that the denial of attorney's fees was an abuse of discretion.

In summary, we find that the trial court did not fail to determine the value of the husband's military pension before making its monetary award but that it did abuse its discretion by ordering payment of fifteen percent of the pension to the wife without considering all the factors in Code 20-107.3(E). We also find that the failure to award attorney's fees was not an abuse of discretion. Accordingly, the judgment below is affirmed in part and reversed and remanded in part for further proceedings consistent with this

opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Coleman, J., concurred.