COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


ALONZA BURROUGHS McKEEL, JR.

v.   Record No. 1999-97-1

ROSALIE BROWN McKEEL

MEMORANDUM OPINION[*] BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
APRIL 14, 1998

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Paul M. Lipkin (Goldblatt, Lipkin & Cohen, on
brief), for appellant.

Richard F. Popp (Davis & Brynteson, on brief), for
appellee.


Alonza Burroughs McKeel, Jr. (husband) appeals the decision
of the circuit court awarding Rosalie Brown McKeel (wife) $75,000
as an equitable distribution monetary award. Husband contends
that there is no evidence to support the court's award. For the
reasons that follow, we reverse and remand.

### Background

Husband received an employment severance payment prior to
the parties' separation, and a thrift plan distribution during
the separation. Pursuant to Code § 20-107.3(A), wife filed a
motion in which she sought to value these assets as of the date
of separation. Husband challenged the inclusion of these assets
in the marital estate. These assets had no value as of the date
of the equitable distribution hearing. The trial court ruled

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that these assets would be valued as of the date of separation. The evidence was then heard by a commissioner in chancery. The trial court approved the commissioner's report without modification.

Monetary Award

"[T]he amount of any monetary award, subject to the enumerated statutory factors, is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993). The commissioner's report, approved by the trial court, is entitled to great weight, and the appellate court's duty "is to determine whether the conclusions of the commissioner, approved by the trial court, are supported by credible evidence." Ward v. Harper, 234 Va. 68, 70, 360 S.E.2d 179, 181 (1987). However, formulating an award must go beyond mere guesswork. See Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987). Here, insufficient evidence supports the commissioner's recommendation to award wife $75,000 as an equitable distribution monetary award. See Code § 20-107.3(D).

In his report, the commissioner classified and valued the parties' property. He found that the parties' contributions to the marital home, both monetary and non-monetary, were equal, and he recommended an equal division of the equity in the marital residence. Pursuant to the trial court's order, the marital estate included the values of $15,952 for the severance payment and $71,430 for the thrift plan. While husband spent all funds

2

from the thrift plan and severance payment prior to the equitable distribution hearing, he asserted that he gave wife $41,676 of the thrift plan money and $1,950 of severance pay or spent it for her benefit. Wife conceded that she received $36,151 either directly or in payment of taxes and attorney's fees.

The total value of the marital estate, excluding wife's share of a sailboat valued at less than $1,000 and the marital residence, equaled $128,980. The remaining marital assets were divided between the parties, or awarded to husband with the notation that wife's marital share "is incorporated in the Monetary Award." The commissioner recommended an award to wife of $75,000, based upon "[h]aving observed the demeanor of the parties as they testified, reviewed the transcript and the exhibits, and considered the factors set forth in Code Section 20-107.3(D)(E) and (F)."

While the commissioner's report determined the value of the marital assets, neither the report nor the trial court's decision revealed the evidence relied upon in setting the amount of the monetary award to wife. Wife acknowledged receiving $36,151 from the remaining marital estate, which was valued at $128,980. If wife then received a monetary award of $75,000, her share of the marital estate, absent the sailboat and marital residence, was $111,151, or over eighty-six percent of the value of the estate. On review, we are unable to find sufficient evidence to justify

this division of the marital assets.[1]

Accordingly, we reverse the decision of the trial court awarding wife $75,000 as a monetary award, and remand the matter for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

---

[1]In her brief, wife asserts that the trial court erred by failing to require husband to reimburse her for the value of a survivor benefit premium withheld from his retirement pay. However, the court's order required husband to make this reimbursement. Accordingly, wife's contention is without merit.