COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


JOHN E. CLARK
                                      MEMORANDUM OPINION[**] BY
v.    Record No. 0827-99-2        JUDGE JAMES W. BENTON, JR.
                                          JUNE 27, 2000
LINDA J. CLARK


             FROM THE CIRCUIT COURT OF HANOVER COUNTY
                   Richard H. C. Taylor, Judge

          Christopher L. Perkins (L. B. Cann, III;
          LeClair Ryan, on briefs), for appellant.

          Ronald S. Evans (Brenner, Dohnal, Evans &
          Yoffy, P.C., on brief), for appellee.


     John E. Clark appeals the final order granting equitable

distribution of his marital estate and other relief.  He

contends that the trial judge erred by (1) awarding Linda J.

Clark, the wife, eighty-five percent of the marital assets,

(2) failing to classify the parties' furniture and other

household items as either marital or separate property, (3)

classifying an automobile as the wife's separate property, and

(4) finding that the wife was entitled to a judgment against the

_____

     [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

husband for a child support arrearage.  The wife contends on cross-appeal that the trial judge erred by (1) classifying the stipulated increase in value of CM&H Lumber Company, Inc. as the husband's separate property, (2) failing to accept the commissioner's recommendation that the wife be awarded spousal support, and (3) failing to accept the commissioner's recommendation that the wife be awarded attorney's fees and costs.  We affirm, in part, and reverse, in part, the judgment.

                                    I.

The husband failed to preserve for appeal several issues. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  As we have repeatedly ruled, "[t]he purpose of  Rule 5A:18 is to provide the trial [judge] with the opportunity to remedy any error so that an appeal is not necessary."  Knight v. Commonwealth,  18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994); see also Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

The husband contends the trial judge failed to classify the parties' furniture and other property.  In his fifth exception to the Commissioner's Report, the husband objected as follows:

> V.  Marital Property Contributions –
> Monetary and Non-Monetary.  The Commissioner
> finds on Page 5, Paragraph v, of the Report

-

that the Wife provided the greater portion
of the care and maintenance of the marital
property.  However, in the transcripts, the
evidence clearly shows that not to be true.

This exception clearly does not preserve the husband's objection

to the trial judge's failure to classify the marital property.

It does not address that issue, and no other objection in the

record addresses the issue of classification.

The husband also contends that the trial judge erred in

classifying a 1994 Chrysler New Yorker automobile as the wife's

separate property.  The record again fails to establish that he

objected.  The husband's second and seventh exceptions to the

commissioner's report read as follows:

II.  Separate Property.  We take exception
with the Commissioner's finding on page 4 of
said Report that he should pay for her bar
debt.  "This is her separate property and
debt," according to the findings of the
Commissioner; therefore, she is responsible
for said debt.

VII.  Personal Expenditures.  We except to
the fact that the husband purchased personal
items such as expensive clothing and
vehicles.  It was the standard of living
which the parties had grown accustomed
during the marriage to spend on such items;
therefore, he should not be penalized for
same.

Nothing in these exceptions, on which the husband relies,

supports his claim that he objected to the trial judge's

determination that the automobile was the wife's separate

property.

-

The husband further contends that his trial counsel preserved the objection to both assignments of error when she signed the Final Order, "Seen and Objected To." Such an objection "'does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court.'" Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 153 (1994) (citation omitted). Moreover, the husband did not timely file the transcript of the hearing at which he argued the exceptions to the commissioner's report.

The record, therefore, provides no indication that the husband raised either of these issues in the trial court. Upon our review, we find no reason in the record to invoke the good cause or ends of justice exceptions to Rule 5A:18.

> "[T]he ends of justice exception is narrow and is to be used sparingly. . . ." "[I]t is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial. . . ." In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice might have occurred. The trial error must be "clear, substantial and material."

Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (emphasis in original) (citations omitted). The record does not establish that a miscarriage of justice

-

occurred; therefore, Rule 5A:18 bars our consideration of issues two and three on appeal.

## II.

The husband contends that the trial judge's decision to award the wife eighty-five percent of the marital assets was unsupported by the evidence. In our review, we are guided by the principle that "[u]nless it appears from the record that the [trial judge] has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the [trial judge's] equitable distribution award will not be reversed on appeal." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). On appeal, we construe the evidence in the light most favorable to the wife, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995).

The commissioner found that the parties' "monetary contributions to the well-being of the family were nearly equal." The evidence, however, does not support that finding.

At the beginning of their twenty-six year marriage, the wife's salary was substantially equal to the husband's. In the early 1990's, however, that changed significantly. In 1998, the wife earned $26,500, the most she's earned in any year. The

-

evidence indicated that the husband, on the other hand, earned $262,100 in 1993, $217,700 in 1994, and $125,000 in 1995.

Although the wife paid half of the mortgage until 1989, after that time, the husband paid the entire amount of the mortgage. Moreover, the husband paid for all of the furniture and expensive items, such as window treatments, for each of their residences. The husband also paid for all of their child's clothes, the entire electric bill, and weekend meals in restaurants. The wife on the other hand, paid for the less expensive home decorations, contributed to the telephone and water bills, and, when their child was young, paid half the child care bill.

In finding that the monetary contributions of the parties were nearly equal, the commissioner focused on the perceived negative impact the husband's lifestyle had on the family's well-being. The commissioner found that the husband spent excessively on personal items such as clothes and expensive automobiles. He also found that, in spite of several years of earning significant income, the husband did nothing to secure the family's financial future. We have clearly held, however, that "at least until the parties contemplate divorce, each is free to spend marital funds." Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988).

In recommending that the husband receive only fifteen percent of the marital assets, the trial judge focused primarily

-

on the husband's spendings during the marriage.  It is not clear, however, "how the [trial judge or the commissioner] arrived at an award of fifteen percent."  Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).  Nothing in the record explains why the trial judge thought it was necessary to make such a disproportionate division of the assets.  The commissioner found that the wife contributed more in terms of non-monetary contributions to the well-being of the family. Regardless of this finding, however, the respective contributions of the parties do not justify a finding that the marital assets should be split eighty-five percent in favor of the wife and fifteen percent in favor of the husband. Although "[t]he Virginia General Assembly has not adopted a statutory presumption of equal distribution," Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986), the distribution must be based on a reasoned examination of the evidence.  "[W]hen the [trial judge] fails to state any basis for reaching a given conclusion, the appellate court is hindered in its review." Artis, 4 Va. App. at 137, 354 S.E.2d at 815.

"Equitable distribution in Virginia, as codified in Code § 20-107.3, 'is predicated on the philosophy that marriage represents an economic partnership requiring that upon dissolution each partner should receive a fair proportion of the property accumulated during marriage.'"  Matthews v. Matthews, 26 Va. App. 638, 648, 496 S.E.2d 126, 130 (1998) (quoting Roane

-

v. Roane, 12 Va. App. 989, 994, 407 S.E.2d 698, 701 (1991)). Our other cases and the record in this case do not indicate that the husband's spending during the marriage was so severe as to justify such a disproportionate distribution. See, e.g., L.C.S. v. S.A.S., 19 Va. App. 709, 720, 453 S.E.2d 580, 586 (1995) (where the husband's extraordinarily egregious criminal conduct did not result in awarding the wife a greater proportion of the marital assets).

> We will not simply assume, in every instance, that the trial court has followed this settled law in [ruling as to the property of the parties], particularly when it appears that one or more factors is difficult to reconcile with the award or the award is inexplicable based on the facts, when we are required to review on appeal an issue arising under [Code § 20-107.3]. We must be able to determine from the record that the trial court has given substantive consideration to the evidence as it relates to the provisions of this Code section.

Trivett v. Trivett, 7 Va. App. 148, 153, 371 S.E.2d 560, 563 (1988). We hold that the record fails to support this disproportionate award in favor of the wife.

III.

The husband also contends that the trial judge erred in finding he owed the wife a child support arrearage. Although the husband did not preserve the objection for appeal, because the record contains no evidence that a child support order was ever entered in this case, the ends of justice require that we address the issue. See 5A:18.

-

The following colloquy between the trial judge, the wife's counsel, and the husband's counsel indicates that there appeared to be a great deal of confusion concerning whether an arrearage existed and if so, whether it was for spousal or child support.

> [WIFE'S COUNSEL]:  Very well, sir, I will. But I would ask the court, at the present time he's paying no child support.  He's paying nothing.
>
> THE COURT:  Yes, but he's ordered to pay his arrearage on the child support.
>
> [HUSBAND'S COUNSEL]:  And we'll --
>
> [WIFE'S COUNSEL]:  But the arrearage of $23,000 that the court had previously ordered?
>
> [HUSBAND'S COUNSEL]:  Yes.
>
> [WIFE'S COUNSEL]:  I understand that.  But at the present time, he's paying nothing. No child support for the child.  He's in her primary physical custody.  He's paying nothing.
>
> THE COURT:  And I rule he doesn't have to pay the mortgage.
>
> [WIFE'S COUNSEL]:  I understand that.
>
> [HUSBAND'S COUNSEL]:  So he needs to start paying the child support right now.
>
> THE COURT:  Yes.
>
>  *      *      *      *      *      *      *
>
> [WIFE'S COUNSEL]:  There is no order specifically for child support.
>
> THE COURT:  Well, go back to what he was making to when he was having a salary, set the child support at that figure and enter an order.

-

Upon the wife's motion for *pendente* *lite* support, the trial judge ordered on February 6, 1997, that the husband continue to pay the monthly mortgage payments and pay the wife $300 a week as temporary spousal support.  Although the commissioner did not recommend an award of child support, the trial judge granted the wife a "judgment against the [husband] in the amount of $23,900 as a child support arrearage through February 19, 1999."  The record does not indicate that the husband was in arrears on the mortgage payments.  Indeed, the trial judge found "that [the husband] doesn't owe any arrearage in the mortgage."

The trial judge offered no support for his finding that a child support arrearage exists.  Indeed, the wife's counsel, when asking for child support on February 4, 1999, confirmed that "[t]here is no order specifically for child support."  As we earlier stated, "when the [trial judge] fails to state any basis for reaching a given conclusion, the appellate court is hindered in its review.  'Aside from obvious defects which may be revealed when only the end product of deliberation is announced, the [trial judge] who fails to provide at least some of the steps in his thought process leaves himself open to the contention that he did not in fact consider the required factors.'"  Artis, 4 Va. App. at 137, 354 S.E.2d at 815 (citation omitted).

-

The husband does not dispute that on February 4, 1999, the trial judge ruled that he no longer had to pay the mortgage and on March 18, 1999, ordered that the husband begin paying child support.  He argues, however, that because he complied with the pendente lite order concerning the mortgage, the trial judge's finding of an arrearage is erroneous.  We agree that the record does not support the finding.

                              IV.

On cross-appeal, the wife contends that the trial judge erred in classifying the stipulated increase in value of CM&H Lumber Company, Inc., as the husband's separate property.  The husband received his shares of stock in the company from his father by gift.  Although the parties stipulated that the increase in the value of the property was $180,000, "[t]he increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions."  Code § 20-107.3(A)(1).  To overcome the presumption that the company was the husband's separate property, the wife bore the burden of proving that "the personal efforts [of the husband] have contributed to such increases, . . . [and] any such personal efforts must be significant and result in substantial appreciation of the property."  Code § 20-107.3(E)(2).  The wife's evidence did not prove that the

                              -

husband's efforts were significant or that they resulted in a substantial increase.

Although the wife testified that the husband worked Monday through Friday from 5:30 a.m. to 7:30 p.m. and most of the day on Saturdays, she presented no other evidence concerning his efforts at the company. No evidence proved that the husband increased the company's customer base or expanded the business in any way. Moreover, the evidence concerning the value of the business proved that the increase in the value of the business from the date of the husband's acquisition to approximately six years later, on the date of the hearing, was $180,000. The commissioner found that the increase in the business averaged only five percent each year and did not find that to be a substantial increase. Thus, the trial judge's finding was not clearly erroneous or without evidence to support it.

### V.

The wife also contends that the trial judge erred in not accepting the commissioner's recommendation that she be awarded $1,800 per month in spousal support. The decision to award spousal support includes the consideration of the marital property under the equitable distribution statute. Code § 20-107.1(8) provides that "[i]f the court determines that an award should be made, it shall, in determining the amount, consider . . . the provisions made with regard to the marital property under § 20-107.3." Rowe v. Rowe, 24 Va. App. 123, 138,

-

480 S.E.2d 760, 767 (1997).  Because we are remanding the equitable distribution award, the issue of spousal support must necessarily be remanded for reconsideration.

VI.

Finally, the wife contends that the trial judge erred in not accepting the recommendation of the commissioner that she be awarded $9,783.12 in attorney's fees and costs. "An award of attorney fees is a matter submitted to the trial [judge's] sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The trial judge must consider "the circumstances of the parties," Barnes v. Barnes, 16 Va. App. 98, 106, 428 S.E.2d 294, 300 (1993), and the "equities of the entire case."  Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989).  The record fails to establish that the trial judge abused his discretion in finding that the husband does not have the means to give "anything else at this time."

For these reasons, the judgment is affirmed, in part, reversed, in part, and remanded.

                              Affirmed, in part,
                              reversed, in part,
                              and remanded.

-