UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia

JAMES WARREN ILLETSCHKO

MEMORANDUM OPINION* BY
v.        Record No. 1516-16-4        JUDGE RICHARD Y. ATLEE, JR.
SEPTEMBER 12, 2017

JENNIFER JO ILLETSCHKO

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Samuel A. Leven (Roy J. Baldwin; The Baldwin Law Firm,
LLC, on brief), for appellant.

No brief or argument for appellee.

Appellant ("father") and appellee ("mother") divorced in October 2015. They have two

minor children: mother has a daughter from a previous relationship whom father adopted in

2007, and they also have a son together. This appeal arises from father's motion for the

Loudoun County Circuit Court ("trial court") to modify child support. He argues that the trial

court erred in declining to impute income to mother and in denying his request for attorney's fees

and costs. For the following reasons, we disagree and affirm.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only the facts necessary to the

parties' understanding of the disposition of this appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father filed a motion to modify child support based on his belief that mother had received a raise and started working a second job. By the time the trial court heard arguments on this motion, mother had quit this second job. She testified that she did so for the following reasons:

> I resigned for several reasons. Yes, it was in part due to Mr. Baldwin[, father's attorney,] trying to charge me inco[me], or on child support on it, but also because when I worked there, if I get sick, I have to not only find a replacement but I have to make sure that the shift is covered. If I'm sick and I can't get somebody to cover it, I have to go in. If my children are sick, I have to send my children to daycare in order to go in. It's not the most pleasant place to work. I have missed a few days because I did get sick and was not able to go in or I was not able to secure daycare so that I could go in or any reason whatsoever. So rather than having my boss fire me, I decided to quit.

The trial court declined to impute income from this second job to mother. The judge explained this decision as follows:

> Now, there's no question that she voluntarily terminated a second job, she earned 4,428 in a year, she had mixed reasons for quitting, some valid, some invalid. Certainly invalid to the extent that she would be trying to manipulate the child support figures, certainly valid because she also testified that, my memory was that she said her employer was making unreasonable demands, that she would have to get a replacement if she wasn't there and it was problematic doing that. And the second job was not a part of the initial award and I don't find that, I'm going to find that she, well she's currently not working there, to be sure, and I'm going to go ahead and determine the daycare was $290, that means there's a presumptive payment of 938.
>
> The issue is do I deviate based on the second job and impute that to her, I decline to do so. *I think she gave at least some valid reasons for leaving and I think it is also another compelling reason, it's going to be an impediment to getting this relationship healed and having the time necessary to be with [the children].* And I don't think it's reasonable generally to try to force a parent to try to work two jobs simply because the other parent says, well I can get more in child support. *There's no track record during this marriage of this, it appears to be more situational* and people going through divorce and separation are often scrambling to work second jobs just because they got to pay lawyers and pay bills.

(Emphasis added.)

II. ANALYSIS

*A. Imputation*

Father argues the trial court erred when it declined to impute income from this second job to mother. Child support rulings "typically involve fact-specific decisions best left in the sound discretion of the trial court." Niblett v. Niblett, 65 Va. App. 616, 624, 779 S.E.2d 839, 842-43 (2015) (quoting Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008)). "The trial court's decision to not impute income to [a parent] will be upheld on appeal unless it is 'plainly wrong or unsupported by the evidence.'" Murphy v. Murphy, 65 Va. App. 581, 585, 779 S.E.2d 236, 237 (2015) (quoting Bennett v. Va. Dep't of Soc. Servs., Div. of Child Support Enforcement ex rel. Bennett, 22 Va. App. 684, 691-92, 472 S.E.2d 668, 672 (1996)). Moreover, "any consideration of imputed income based on a change in a party's employment shall be evaluated with consideration of the good faith and reasonableness of employment decisions." Id. at 590-91, 779 S.E.2d at 240 (emphasis omitted) (quoting Code § 20-108.1(B)(3)).

Here, mother offered several reasons for quitting her second job. The trial judge considered these, and other factors, when deciding not to impute. He evaluated mother's stated reasons ("some valid, some invalid"), and articulated other factors that weighed against imputation. He emphasized that her decision to quit her second job permitted her to spend more time with the children and "heal" her tumultuous relationship with her daughter. He also noted that mother did not work at this second job during the marriage, and as such, the additional income from it was not contemplated at the time of the final decree of divorce. In light of both parties' financial troubles, the trial court inferred that this second job was likely an attempt to cope with the financial obligations associated with litigating a contentious divorce.

Recently, this Court addressed the contours of a trial court's discretion when imputing, or not imputing, income in Murphy, 65 Va. App. at 585, 779 S.E.2d at 236, and Niblett, 65

Va. App. 616, 779 S.E.2d 839. In this case, there is no question that mother voluntarily left her second job. Mother expressly acknowledged that one motivation for quitting her second job was that she learned it could result in a higher support obligation. This puts her in a less sympathetic position than the mother in Murphy, where this Court affirmed a trial court's decision to not impute income to a mother who took a lower-paying job for the express reason that it provided more reasonable and flexible hours, allowing her to be more involved with the children's care. Murphy, 65 Va. App. at 592-93, 779 S.E.2d at 241. Nevertheless, this case is decidedly distinct from Niblett, where this Court reversed a trial court that declined to impute income to an incarcerated father, who "ma[de] no argument, nor could he, that his incarceration was an employment decision undertaken in good faith or was otherwise reasonable." Niblett, 65 Va. App. at 627 n.2, 779 S.E.2d at 844 n.2. Here, although mother admitted that support factored into her decision to quit, she offered other reasons for this decision, including the employer's leave policy and child care concerns. The trial court considered mother's explanation and the facts of the case, and explained why it found that her employment decision was reasonable and undertaken in good faith. It also emphasized why this decision was in the best interests of the children, particularly considering mother's relationship with her daughter. Mother's acknowledgement (even if it was inadvisably blunt) that she was motivated, in part, to leave her second job because it could increase her support obligation does not, by itself, taint or render invalid her other reasons for quitting. Although a trial court's discretion "is not without bounds," Niblett, 65 Va. App. at 624, 779 S.E.2d at 843, the judge here did not err by declining to penalize mother for admitting that she considered financial repercussions when making employment decisions. In light of the trial court judge's clearly articulated rationale, we cannot say this decision was plainly wrong or unsupported by the evidence.

### B. Attorney's fees and costs

Father argues that the trial court erred in denying his request for attorney's fees and costs. "An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." Cirrito v. Cirrito, 44 Va. App. 287, 300, 605 S.E.2d 268, 274 (2004) (quoting Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987)). In considering whether a fee award is appropriate, a court should consider the outcome of the case, the parties' conduct during the marriage and litigation, and their relative ability to pay. Rinaldi v. Rinaldi, 53 Va. App. 61, 78, 669 S.E.2d 359, 367 (2008). Here, the trial court clearly considered these factors, stating: "Attorney's fees, always a difficult issue; one person represented, one person not. I don't feel the evidence supports an award[;] there's no money here[;] both parties have engaged in conduct that is not appropriate when it relates to the care and custody of these children." He concluded that "I want any money that's available to be focused on therapy . . . ."

We find the record supports the trial court's decision. Here, despite father's characterization that he "prevailed handily" before the trial court, both parties won and lost on different issues, with the trial court at points admonishing both parties for their failure to cooperate and effectively co-parent. We are not persuaded by father's contention that mother's self-representation weighs in favor of an award of attorney's fees, merely because litigation cost him more than it cost mother. The record demonstrates that the trial court considered "the circumstances and equities of the entire case," Cirrito, 44 Va. App. at 300, 605 S.E.2d at 274, including the parties' conduct and ability to pay. It concluded that neither party should receive attorney's fees. The trial court did not abuse its discretion in so finding.

III. Conclusion

For the foregoing reasons, we find no error in the trial court's decision not to impute income to mother or in declining to award father attorney's fees. We deny father's request that this Court award him attorney's fees incurred in litigating this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed.