COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Bernhard
Argued at Christiansburg, Virginia

UNPUBLISHED

JAMES DOUGLAS YATES

v.      Record No. 1294-24-3

HASSIE REGINA WARD YATES

MEMORANDUM OPINION* BY
JUDGE STUART A. RAPHAEL
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Brian K. Patton, Judge

Robert M. Galumbeck (Galumbeck Stiltner & Gillespie, Attorneys,
on brief), for appellant.

Robert J. Breimann (Street Law Firm LLP, on brief), for appellee.


Appealing the portion of the trial court's final decree addressing equitable distribution,

James Douglas Yates (husband) claims that the trial court erred by failing to consider that he

brought the disputed real property into the marriage as separate property. Hassie Regina Ward

Yates (wife) assigns cross-error to the trial court's valuation of husband's cash assets and its

refusal to award attorney fees. Finding no reason to disturb the trial court's judgment, we affirm.

BACKGROUND

Since wife prevailed in the bench trial below, we view the evidence in the light most

favorable to her, granting her "the benefit of any reasonable inferences." *Starr v. Starr*, 70

Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Husband and wife married in August 2000 and separated in July 2016.[1] The parties each had

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Husband filed for divorce in 2014, alleging that the parties separated in 2013. But the
parties presented conflicting evidence at trial, which suggested that the parties did not start living

children from previous marriages, all of whom were adults when the parties separated. No children were born of the marriage.

Husband brought two houses into the marriage. One was used as the marital residence, the other as an income-generating rental property. Both houses were located on the same plot of land in Grundy. In April 2005, husband deeded both properties to the parties' respective children, reserving life estates for himself and wife. The deed instrument specified that it was a "deed of gift," given "without money having exchanged hands." In December 2007, the children executed a deed of gift transferring the properties back to husband and wife as tenants by the entirety. The properties were retitled in both parties' names.

Both parties contributed money and labor to improving the marital residence and the rental property. They lived together in the marital residence until wife moved out in July 2016. Husband and wife each received social-security and retirement benefits during the marriage. Husband earned additional income from a part-time job with the county. Husband stored money earned from that job in a personal safe. Wife did not have access to the safe. The two houses and the cash in husband's safe are the disputed assets in this appeal.

The sprawling litigation below started with three hearings between October 2017 and February 2018. More than a year later, Judge Patrick R. Johnson wrote an opinion letter addressing the parties' separation date, the classification and equitable distribution of property,

---

separate and apart until wife left the marital residence in 2016. We are satisfied under *Yazdani v. Sazegar*, 76 Va. App. 261 (2022), that the trial court had subject-matter jurisdiction over the parties' divorce proceedings despite that husband filed for divorce before the adjudicated separation date. Wife's 2014 counterclaim pleaded for a divorce *a mensa et thoro* "on the grounds of cruelty or constructive desertion." She was entitled to—and later did—move for a no-fault divorce after the statutory separation period had elapsed. *See Yazdani*, 76 Va. App. at 274 ("'An *a mensa* divorce, unlike an absolute divorce' for desertion or separation, 'may be brought as soon as the grounds appear,' and Virginia law allows either party to merge an *a mensa* divorce into a divorce *a vinculo* once the applicable statutory time has passed." (quoting John E. Byrnes & Margaret F. Brinig, *Virginia Domestic Relations Handbook* § 18.02 (2021))).

and spousal support. Judge Johnson found that the parties separated on July 16, 2016, following wife's departure from the marital residence. He classified the marital residence as marital property but found that the rental property remained husband's separate property. Lastly, based on husband's W2 forms and his testimony that he put "all of his paychecks in the safe," Judge Johnson found that husband had $74,592 in cash that was subject to equitable distribution. The letter declined to award attorney fees.

Judge Johnson directed wife's counsel to prepare an order "in accordance with the Court's ruling" and to forward the order to husband's counsel for endorsement. Husband refused to endorse the order and moved the court to reconsider its rulings. Wife also moved the court to reconsider its attorney-fee ruling. The court denied the motions after a hearing on August 17, 2020.

Eleven months later, and without entering a final order, Judge Johnson recused himself based on a conflict of interest. Judge Brian K. Patton took over the case. Following a status hearing and review of the case file, Judge Patton ordered a partial re-trial. The court entered a final divorce decree on September 26, 2022, reserving the issues of equitable distribution, spousal support, and attorney fees. The parties litigated those issues in a one-day trial in September 2023. The record does not include a transcript from that trial.

This appeal involves the court's findings from the second trial. The parties had stipulated to certain findings and evidence and provided the court with a truncated list of the outstanding issues, which included: (1) the property classification of the marital home and husband's rental property, (2) the amount of cash in husband's safe, and (3) wife's request for attorney fees. By letter opinion dated April 1, 2024, the trial court found that both houses were marital property subject to equitable distribution. The court found that although the properties were "originally owned by the husband prior to the marriage," they were deeded to the children in 2005, then

"deeded back to the parties . . . as tenants by the entirety with joint rights of survivorship" in 2007.  Both houses were "retitled in the parties' joint names," and husband's attempt to trace the houses to his separate property was "inadequate."

As for the cash in husband's safe, the trial court credited husband's testimony "that he would take money out at times and there was never more than $1,500.00 to $2,000.00 in the safe."  Although husband agreed that "$65,000.00 in cash would have fit inside his safe," he denied ever having "$70,000.00 in the safe," as wife contends.  Wife "testified that she never had access to the safe" and "she had no idea how much money was in it."  Refusing to speculate, the court accepted husband's $2,000 estimate, deeming it marital property subject to equitable distribution.

The court awarded husband the marital residence and the rental property.  Wife received $21,105 as "half of the proceeds received from the rental house" and an additional lump sum of $120,000.  The court also awarded wife spousal support of $550 per month, supplementing her monthly income from social security of $1,267 per month.  The court directed husband's counsel to prepare an order consistent with its letter opinion, reserving the issue of wife's attorney fees.  At the attorney-fee hearing on July 10, 2024, the court denied wife's fee request.  The court observed that the case had been "pending for over a decade" and "[t]here was no reason why it should have been."  The court found that "both sides [were] at fault for the delays."  The court denied wife's motion to reconsider that ruling.

The court memorialized its rulings in a final order entered July 10, 2024.  Husband noted a timely appeal.  Wife raises two cross-errors.

ANALYSIS

Husband argues that the trial court did not give enough weight to certain factors under Code § 20-107.3(E) when it equitably distributed the marital residence and rental property.  He

- 4 -

concedes that tracing the properties under Code § 20-107.3(A) is "not appropriate" because they were deeded back to the parties by their children, a "third party." Husband argues the trial court "refused to consider" that he "brought his families' real property into the marriage as separate property." Wife's cross-errors challenge the trial court's valuation of husband's cash and its failure to award her attorney fees. As explained below, we find neither party's claims meritorious.[2]

*I. The trial court properly distributed the marital residence and rental property.*

On appeal from an equitable-distribution award, we recognize "that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." *Payne v. Payne*, 77 Va. App. 570, 596 (2023) (quoting *Stark v. Dinarany*, 73 Va. App. 733, 749-50 (2021)). Accordingly, the trial court's equitable-distribution award will not be overturned absent "an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award." *Wiencko v. Takayama*, 62 Va. App. 217, 229-30 (2013) (quoting *McIlwain v. McIlwain*, 52 Va. App. 644, 661 (2008)).

In making its equitable-distribution award, "the [trial] court must consider all of the factors in Code § 20-107.3(E)." *Payne*, 77 Va. App. at 596 (alteration in original) (quoting *Stark*, 73 Va. App. at 750). But it "is not required to quantify the weight given" to each factor, "nor is it required to weigh each factor equally." *Jessee v. Jessee*, 74 Va. App. 40, 58 (2021) (quoting *Marion v. Marion*, 11 Va. App. 659, 664 (1991)).

---

[2] Husband moved to dismiss wife's cross-error as barred by res judicata principles. Husband argues that she asserted the same errors in a separate appeal, which our Court dismissed for failing to file an opening brief. *See Yates v. Yates*, No. 1292-24-3 (Va. Ct. App. Dec. 6, 2024) (order), *reh'g denied* (Dec. 31, 2024) (order). Our affirmance of the trial court's rulings on the merits of wife's cross-error makes it unnecessary to consider whether her claims are also barred by res judicata. Wife moved to bar husband from filing a reply brief, but he chose not to file one. We thus deny both motions as moot.

The record belies husband's assertion that Judge Patton did not consider the fact that husband brought the two houses into the marriage. To the contrary, Judge Patton's letter opinion acknowledges that both houses were "originally owned by . . . husband prior to the marriage." But husband deeded those properties to the parties' children, who then transferred the properties back to the parties during the marriage as tenants by the entirety, retitled in both parties' names.

And there were other factors that weighed in favor of giving wife half the value of both properties, including that both parties made "sacrifices" and paid money to improve them. The parties lived together in the marital residence for 16 years. Both parties contributed positively to the "well-being of the family," and wife provided "a lot of the daily non-monetary contributions in cleaning and cooking meals." Citing Code § 20-107.3(E)(11)'s catch-all provision, the court noted that it had "the opportunity to observe the parties' demeanor and testimony in court." Thus, the record shows that the trial court properly considered the statutory factors in equitably distributing the property, including that both houses started as husband's separate property. The trial court did not abuse its discretion by awarding half the value of the two properties to wife.

*II. The trial court properly valued the cash assets in the safe.*

Wife argues that the trial court should have used the parties' separation date as an "Alternative Valuation Date" for the cash in husband's safe. Had the court done so, she claims, it would have found that husband "committed a series of acts of marital waste," diminishing the safe's contents from $74,592 to the "$1,500-$2,000" testified to by husband. She further claims that Judge Patton relied too heavily on her testimony that she "never had access to the safe" and "that she had no idea how much money was in it."

The "trial court has broad discretion to determine the value of assets." *Hoebelheinrich v. Hoebelheinrich*, 43 Va. App. 543, 556 (2004). But that "valuation cannot be based on mere guesswork. The burden is on the parties to provide the trial court sufficient evidence from which

- 6 -

it can value their property." *Id.* at 556-57 (quoting *Bosserman v. Bosserman*, 9 Va. App. 1, 5 (1989)). "Once a valuation date is selected, the trial court's decision is reviewed for abuse of discretion." *David v. David*, 64 Va. App. 216, 225 (2015). Further, the "credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." *Brown v. Commonwealth*, 75 Va. App. 388, 413 (2022). "In sum, 'the value of property is an issue of fact, not law.'" *Hoebelheinrich*, 43 Va. App. at 557 (quoting *Howell v. Howell*, 31 Va. App. 332, 340 (2000)).

The April 1 letter opinion shows that the trial court grappled with how to classify and distribute the cash in husband's safe. Relying on husband's W2 form, wife argued at both trials that there was $74,592 in the safe because that figure reflected his total wages from the part-time county job, which husband always deposited into the safe. Husband agreed that he deposited his part-time earnings into the safe, but he also testified that he would remove money from the safe as needed. Husband testified that "there was never more than $1,500.00 to $2,000.00 in the safe." Without access to the safe, wife could not refute that testimony. Wife could not "confirm how much money, if any, was in the safe."

Wife's evidence did not warrant imposing an alternative valuation date; she failed to prove that $74,592 was *ever* in the safe. By contrast, the trial court credited husband's testimony that there was at most $2,000 in the safe, including on the date of trial. We cannot say the trial court erred in crediting husband's testimony and using that as the basis for its equitable-distribution award.

*III. The trial court did not abuse its discretion by declining to award attorney fees.*

We review a trial court's decision to award attorney fees "under the deferential abuse of discretion standard." *Sobol v. Sobol*, 74 Va. App. 252, 288 (2022). Code § 20-79(b) authorizes the trial court, in a divorce case, to award "counsel fees and other costs, if in the judgment of the

court any . . . should be so decreed." Code § 20-99(6) provides that "[c]osts may be awarded to either party as equity and justice may require." "[T]hese statutes 'provide the statutory basis for the broad discretionary authority [trial] courts have to award attorney[] fees and other costs as the equities of a divorce case . . . may require.'" *Sobol*, 74 Va. App. at 288 (fourth alteration in original) (quoting *Tyszcenko v. Donatelli*, 53 Va. App. 209, 222 (2008)). In deciding whether to award fees, the parties' relative financial abilities "should be considered as factors in weighing the equities." *Cirrito v. Cirrito*, 44 Va. App. 287, 300 (2004). But "these factors are not exclusively determinative of whether an award should or should not be made." *Id.*

Wife argues that the trial court should have awarded her attorney fees because she "suffers the financial inability to pay these fees and costs while [husband] clearly enjoys the ability to do so." She maintains that the Supreme Court's decision in *Thomas v. Thomas*, 217 Va. 502 (1976), established that attorney fees should be awarded to the spouse for whom the trial court awards spousal support. The Court in *Thomas* said that when "the trial court finds [that] the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of [its] discretion." *Id.* at 505.

The trial court was right to conclude that *Thomas* did not establish a "'bright line' rule" entitling wife to attorney fees. Indeed, we wrote nearly forty years ago that "[w]e do not believe that the court in *Thomas* intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney[] fees." *Artis v. Artis*, 4 Va. App. 132, 138 (1987). An attorney-fee award remains "a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." *Id.* "The equities in the *Thomas* case warranted an award of attorney[] fees" because the husband's annual income was 18 times that of the wife's "$1,546 per annum." *Id.* In view of this evidence, the Supreme Court found that

- 8 -

not awarding attorney fees was an abuse of discretion. In other words, under *Thomas*, "the relative financial abilities and support issues should be considered as factors in weighing the equities," but those "factors are not exclusively determinative of whether an award should or should not be made." *Cirrito*, 44 Va. App. at 300.

Even crediting the parties' financial inequities, there were other factors that weighed in favor of denying wife's request for attorney fees. For one thing, wife was awarded half the value of the rental property and the marital residence. For another, the case "was pending for over a decade," and the trial court found that "both sides [were] at fault for the delays." As the trial court noted, wife also benefitted "substantially" from the efforts of her attorney, who litigated a better outcome than wife would have had if she had signed the proposed property settlement agreement. Because the record shows that the court considered the relevant factors, including the amount of fees that wife incurred, we cannot say it abused its discretion in declining to award wife's attorney fees. *Sobol*, 74 Va. App. at 288-89.

*IV. This Court denies wife's request for her appellate attorney fees and costs.*

Wife asks this Court to award her appellate attorney fees and costs. Rule 5A:30(b)(2)(C) provides that "[i]n determining whether to make such an award, the Court is not limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." "[T]he question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 290. Exercising that discretion, we find that the equities do not warrant awarding appellate fees to wife.

- 9 -

CONCLUSION

In short, the trial court's equitable-distribution findings and valuation of husband's cash were supported by the record, and the trial court did not abuse its discretion in denying wife's attorney fees.

*Affirmed.*