COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Salem, Virginia


JOHN L. STUMBO, JR.

v.          Record No. 2522-93-3          OPINION BY
                                  JUDGE SAM W. COLEMAN III
HELEN LAWSON STUMBO                   AUGUST 22, 1995


            FROM THE CIRCUIT COURT OF PULASKI COUNTY
                      A. Dow Owens, Judge

            Max Jenkins (Jenkins & Jenkins, on brief),
            for appellant.

            Deborah W. Dobbins (Robert J. Ingram; Gilmer,
            Sadler, Ingram, Sutherland & Hutton, on brief),
            for appellee.


     John L. Stumbo, Jr. (husband) appeals the trial court's

equitable distribution, spousal support, and attorney's fee

awards to Helen L. Stumbo (wife).  The husband contends that the

evidence is insufficient to support the trial court's granting

the wife a $30,000 "lump sum award" as recommended by the divorce

commissioner, regardless of whether the commissioner intended the

award to be an equitable distribution of marital property or lump

sum spousal support.  We agree that, on this record, the evidence

does not prove the existence of $30,000 in marital assets or

marital debts to support the trial court's granting a $30,000

equitable distribution award.  Accordingly, we reverse and remand

the issues of equitable distribution and spousal support for

further consideration.  We affirm the trial court's attorney's

fee award, but because we remand the case for further

consideration, we remand the issue of attorney's fees for such further awards as may be proper.

## PRELIMINARY ISSUES

As a preliminary matter, the appellant's motion to be allowed to execute a supersedeas bond and to be relieved of his obligation to pay spousal support during the pendency of the appeal is denied.[1] Also, because the support order for which the appellee asks us to hold the appellant in contempt is not an order of this Court, we refuse to consider that motion.

## FACTS

John Stumbo and Helen Lawson Dempsey were married on April 29, 1989. Prior to their marriage, wife established a $20,000 home equity line of credit pledging her separate residence as collateral. One month before the marriage, wife drew approximately $8,000 on the line of credit to pay the balance she owed on a loan for her separate automobile. Prior to, but apparently in anticipation of the marriage, the parties purchased a new Oldsmobile, jointly titled in their names, for which wife traded her automobile and received a $6,244 credit on

[1] A trial court may not order restitution from a spouse who received spousal support payments pursuant to a court order when that order is subsequently reversed on appeal. Reid v. Reid, 245 Va. 409, 429 S.E.2d 208 (1993). Consequently, whether a trial court in the exercise of its sound discretion should suspend the payment of spousal support and make a provision for security in the event the support award is reversed on appeal necessarily depends upon the needs of the parties and abilities to provide for support. Accordingly, on remand, the trial court shall consider the request to be relieved of the obligation to pay support during the pendency of an appeal upon execution of a supersedeas bond.

the purchase price.  The balance of the purchase price, $12,706, was financed jointly by the parties.

At the time of the marriage, both parties had separate pensions.  Wife owned a separate residence, and husband owned a 1987 Toyota truck.  The value of these items of separate property was not proven.

During the marriage, the parties purchased a lawnmower, a television, and a VCR.  The value of this marital property was not proven.

During the marriage, debts were incurred to renovate and re-roof wife's residence and for other purposes.  The evidence was insufficient for the court to determine the amount of the debt and how much debt was marital and how much was separate. The court could not determine, to the extent the debt was marital, how much was incurred to improve or acquire marital property, how much was incurred to acquire separate property, or how much was expended for non-property marital or separate purposes.  The evidence was insufficient to permit determination of the rights and equities of the parties in the debt in order to determine how the debt should be apportioned.

At the time of the separation, the $20,000 line of credit had been exhausted.  However, the record does not establish what portion of that debt was incurred prior to or during the marriage, whether the indebtedness was incurred to purchase marital property that was subject to distribution, whether or how

much of that debt was attributable to renovation or improvement of wife's separate property, whether or how much of that debt was attributable to the acquisition of marital property which wife retained, and how much of that debt was used to maintain the parties during the marriage.  Moreover, the evidence was insufficient to determine the amount of other debt, if any, and how it should be classified or allocated.

## TRIAL COURT'S HOLDING

The trial court referred the case to a commissioner, including the issues of equitable distribution, spousal support, and attorney's fees.  The commissioner classified certain assets as marital, but he did not address the debt and classify or value it or determine the rights or equities of the parties therein so the court could apportion debt.  The commissioner reported, under a heading titled "[r]ecommendations under Code § 20-107.3," that "[b]ased upon the equities," the court should make a "monetary award" of $30,000 to the wife with the $1,200 per month pendente lite support payments that the husband had made to the wife during the pendency of the suit "count[ing] as a credit against the said monetary award."  The commissioner further recommended a $1,000 award of attorney's fees to the wife.

Upon hearing wife's exceptions to the commissioner's report, the trial court concluded that the commissioner had "completely failed" to address spousal support and that the $30,000 award, less the "credits" for pendente lite support payments as

-4-

recommended by the commissioner, was intended to be an equitable distribution award. The trial court ordered that husband pay a $30,000 equitable distribution award, but that no credit be allowed him for the pendente lite support payments. The court also ordered husband to pay $800 per month for permanent spousal support and $1500 for the wife's attorney's fees.

ANALYSIS

Initially, the wife contends that we cannot consider the husband's arguments because he did not file objections to the commissioner's report. However, upon considering the wife's objections, the trial judge's rulings upon equitable distribution and spousal support were different from the commissioner's report and recommendations upon those issues. The husband timely objected to the trial judge's rulings. See Hodges v. Hodges, 2 Va. App. 508, 512, 347 S.E.2d 134, 136 (1986); Dukelow v. Dukelow, 2 Va. App. 21, 24, 341 S.E.2d 208, 209-10 (1986).

A spousal support award under Code § 20-107.1 serves a purpose distinctly different from an equitable distribution award fashioned under Code § 20-107.3. Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364 368 (1987). "Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty, but involves an adjustment of the equities, rights and interests of the parties in marital property." Id. "In determining spousal support, the trial

court's consideration must include earning capacity, obligations, needs, the property interests of the parties, and the provisions if any, made with regard to marital property."  Goetz v. Goetz, 7 Va. App. 50, 51, 371 S.E.2d 567, 567 (1988) (citing Code § 20-107.1).  "A review of all the factors contained in Code § 20-107.1 is mandatory" in making a spousal support award.  Ray v. Ray, 4 Va. App. 509, 513, 358 S.E.2d 754, 756 (1987) (citing Woolley v. Woolley, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986)).

Equitable distribution of marital property is based upon different considerations than spousal support and is the means for dividing the marital estate acquired by the parties during the marriage.

> Where an equitable distribution award is appropriate, then all of the provisions of Code § 20-107.3 must be followed. . . . The court must "determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property and which is marital property." . . . Once the marital property is identified and valued, then the court is authorized to make a monetary award based on all the factors enumerated in Code § 20-107.3(E).

Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812 814 (1987) (citations omitted) (emphasis deleted).

The parties concede that they are uncertain whether the commissioner recommended a $30,000 lump sum spousal support award or an equitable distribution award.  Nevertheless, the trial

judge ruled that the commissioner was attempting to effect an equitable distribution of the marital property. The confusion and uncertainty of the parties and of the trial judge as to the nature and purpose of the award demonstrates that the commissioner and trial judge did not make the necessary findings under Code § 20-107.3 to determine which assets and debts were marital and separate, the values thereof, and the rights and equities of the parties in the properties and debts. The trial court did not classify all the property as marital or separate, particularly the parties' debts, and did not value the marital and separate property. Furthermore, the court did not determine the rights and equities of the parties in the marital property. Code § 20-107.3(D)(1).

"[A]s we have recognized, for [the] purposes of equitable distribution, [the question of] when a marital partnership begins . . . is a more dynamic and complex concept than the day on which marital vows are exchanged." Dietz v. Dietz, 17 Va. App. 203, 209, 436 S.E.2d 463, 467 (1993). Thus, when property is acquired, and, similarly, when debt is incurred, a trial court must determine the purpose of expenditure in order to classify property as marital or separate or to "allocate" debt as marital or separate. When a court considers whether to make an equitable distribution award, formulating an award must go beyond mere guesswork. Artis, 4 Va. App. at 136, 354 S.E.2d at 814. There must be a proper foundation in the record to support the granting

-7-

of an award and the amount of the award.  <u>Woolley v. Woolley</u>, 3 Va. App. 337, 342, 349 S.E.2d 422, 425 (1986).  When considering whether to make an award, the court must first classify and value the parties' marital and separate property.  <u>Rexrode v. Rexrode</u>, 1 Va. App. 385, 391-93, 339 S.E.2d 544, 548-49 (1986).  "The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E."  <u>See</u> Code § 20-107.3(C).

From this record, we cannot determine on what basis the trial court made a $30,000 equitable distribution award.  The trial court, although it did classify certain property as marital, did not classify all the property.  Moreover, the court did not value the marital property.  To the extent that the trial court classified and valued some property as marital, the total value of that property was not sufficient to justify an award of $30,000.  Furthermore, to the extent the trial court may have based the award, in whole or in part, upon the amount of marital debt, Code § 20-107.3(E)(7), or intended its award to "apportion" marital debt, the trial court did not determine which or how much of the debt was "incurred prior to the dissolution of the marriage" or "the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities."  Code § 20-107.3(E)(7).  Because the trial court did not properly classify or value marital and separate property

-8-

or to classify or apportion marital debt, and did not properly consider the rights and equities of the parties in the marital property or debts, we reverse the equitable distribution award and remand the matter for proper consideration and determination in accordance with Code § 20-107.3.

Because the issues pertaining to permanent spousal support cannot be decided by the trial court until the equitable distribution issue is resolved, see Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41-42 (1986), we reverse and remand the trial court's spousal support award of $800 per month.

An award of attorney's fees in a divorce case is a matter within the sound discretion of the trial court. Broom v. Broom, 15 Va. App. 497, 502, 425 S.E.2d 90, 93 (1992). We will not disturb such a decision absent an abuse of discretion. Id. The record does not support the husband's assertion that the trial court abused its discretion by awarding more attorney's fees than recommended by the commissioner. However, because we are remanding the case to the trial court for further consideration, we also remand the matter of attorney's fees.

Affirmed in part,
reversed and remanded in part.

-9-