COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

GLORIA ANN NORTHCRAFT DeWALD
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0388-97-1        JUDGE RICHARD S. BRAY
                                          FEBRUARY 3, 1998
ANDREW ALFRED DeWALD

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Frederick B. Lowe, Judge

          Henry M. Schwan for appellant.

          Moody E. Stallings, Jr. (Kevin E.
          Martingayle; Stallings & Richardson, P.C., on
          brief), for appellee.


     Gloria DeWald (wife) appeals a decree of the trial court

adjudicating the issues of spousal support and equitable

distribution, complaining that the court erroneously failed to

consider all factors specified by Code § 20-107.1 in fixing

support and denied wife a marital interest in the savings plan of

her husband, Andrew DeWald (husband).  Because we are unable to

fully determine the classification and valuation of relevant

property interests of the parties, we must reverse and remand for

further consideration by the trial court.

          There are three basic steps that a trial
          judge must follow in making an equitable
          distribution of property.  "The court first
          must classify the property as either
          [separate, marital, or part separate and part
          marital property].  The court then must
          assign a value to the property based upon
          evidence presented by both parties.  Finally,

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> the court distributes the property to the
> parties, taking into consideration the
> factors presented in Code § 20-107.3(E)."

Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992) (citation omitted).  "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made and the trial court . . . must have that evidence . . . before determining to grant or deny a monetary award."  Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986).

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one.  Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case."  Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987) (citing Rexrode v. Rexrode, 1 Va. App. 385, 394-95, 339 S.E.2d 544, 550 (1986)).  However, "[i]n making an equitable distribution award, formulating the award must go beyond mere guesswork.  There must be a proper foundation in the record to support the granting of an award and the amount of the award."  Stumbo v. Stumbo, 20 Va. App. 685, 693, 460 S.E.2d 591, 595 (1995) (citations omitted).

Here, the commissioner's report fails to fully specify the marital, separate and hybrid interests of the parties in all properties in dispute, with attendant values, including particulars of the savings plan and residence and related

transmutation/tracing issues. Indeed, the commissioner declared it "impossible to determine what is the marital value of the [savings] plan," funds from which enhanced the value of the home. Nevertheless, both the commissioner and the trial court concluded that an equitable distribution award was appropriate, disagreeing on the correct sum. Under such circumstances, we are unable to conduct a proper appellate review of the disputed award and must reverse the decree and remand for further consideration by the court, guided by Code § 20-107.3.[1]

Because factors pertinent to spousal support are related to any equitable distribution award, we likewise reverse and remand the decree of spousal support for adjudication in accordance with Code § 20-107.1. See Stumbo v. Stumbo, 20 Va. App. 685, 694, 460 S.E.2d 591, 595 (1995) (citation omitted).

Reversed and remanded.

---

[1]Our disposition does not presuppose that the present award is erroneous but results only from our inability to conduct a proper appellate review.