## CIRCUIT COURT OF THE CITY OF NORFOLK

Stephen M. Denbow

v.

Marie T. Denbow

September 13, 2000

Case No. (Chancery) No. C97-1380

BY JUDGE EVERETT A. MARTIN, JR.

This letter addresses the two unresolved issues from the hearing of August 16. I have reviewed the letters from counsel, the authorities cited, and the portions of the three-volume transcript which were referred to me.

### The $5,000 Contribution

The Commissioner's findings of fact on this issue at pages 9-10 of his report are not easily understood. During the hearing I suggested that the Commissioner file a supplemental report clarifying his findings, but neither counsel wanted that to be done.

It appears he found the $5,000 contribution was the wife's separate property because he concluded it was "transmuted into marital property." Marital property is not transmuted into marital property. It also appears he did not trace this contribution back to the wife's separate property. He does not state why, but the reason could be, as Ms. Ewing suggests, that he did not find by a preponderance of the evidence that the contribution could be traced to separate property.

There was no testimony about the source of the $5,000 in the wife's Fidelity Destiny account; there was no testimony showing when that account was opened. The Court of Appeals has held that all property acquired before the final separation is presumed to be marital property and that the party claiming it to be separate has the burden of proof. *Dietz v. Dietz*, 17 Va. App. 203, 436 S.E.2d 463 (1993). There was no evidence here from which the Commissioner could have found it to be separate property.

Thus I overrule this part of the wife's exception 9, although, perhaps, for a reason different from that of the Commissioner.

### The Husband's Educational Debt

The Commissioner found at pages 13-14 of his report that the husband incurred debt of $44,000 during the marriage that allowed him to obtain undergraduate and graduate degrees. He further found that the wife encouraged the husband to obtain this education and that "[t]he education was for the benefit of the family enabling the [husband] to earn a greater salary and provide a higher standard of living for the family." The wife's exception does not challenge these factual findings; rather, she complains that the degrees are personal to the husband and not marital property and that it is wrong to have her share the repayment.

The Court of Appeals in *Stumbo v. Stumbo*, 20 Va. App. 685, 460 S.E.2d 591 (1995), held that the Court must classify debt, like property, as separate or marital, and it gave some guidance on how to classify debt:

> Thus, when property is acquired, and similarly, when debt is incurred, a trial court must determine the purpose of expenditure in order to classify property as marital or separate or to "allocate" debt as marital or separate.

20 Va. App. at 692-93, 460 S.E.2d at 595. In an unpublished opinion the Court of Appeals ruled that the classification of a debt should depend on who benefitted from it. "If both parties benefitted from the debt, it should be considered marital, regardless of the fact that only one of the parties may have incurred it." *Mann v. Mann*, No. 0333-95-4, 1996 Va. App. LEXIS 369. The Commissioner made no explicit finding about whether this debt was marital or separate.

I think it unnecessary to decide if an educational degree is "property," and, if so, whether it is separate or marital property, because marital debt ought not be limited to debt incurred to acquire, maintain, or improve marital

property. The policy behind equitable distribution is the "economic partnership" of marriage. *Roane v. Roane*, 12 Va. App. 989, 407 S.E.2d 698 (1991). The family enjoyed the economic benefits of the husband's higher salary. The loan at issue made the higher salary possible. Furthermore, as the Commissioner found, the wife and the children will continue to benefit from that education for the next twelve or so years in the form of higher child support payments. Where, as here, the Commissioner found that the debt incurred allowed the husband to earn a higher salary and better provide for the family, the debt should be classified as marital. Judge Johnson came to the same conclusion in *Taylor v. Taylor*, 1995 WL 1055928 (Va. Cir. 1995).

I have considered *Van Bussum v. Van Bussum*, 728 S.W.2d 538 (Ky. App. 1987), and I am not persuaded by its reasoning. The other state appellate courts that have considered the issue have found such debts to be marital. *Bourdon v. Bourdon*, 119 N.H. 518, 403 A.2d 433 (1979); *Forristall v. Forristall*, 831 P.2d 1017 (Okla. App. 1992); *In re Marriage of Lopez*, 255 Mont. 238, 841 P.2d 1122 (1992); *Roberts v. Roberts*, 670 N.E.2d 72 (Ind. App. 1996); *In re Marriage of Speirs*, 956 P.2d 622 (Colo. App. 1997); *Webb v. Webb*, 1998 Ohio App. LEXIS 5615, No. CA97-09-167 (Ohio App. 1998). The latter two cases are especially instructive.

The Commissioner's report shows he considered the statutory factors in allocating the debt. His recommendation is supported by the evidence, and the wife's exception 11 is overruled.