COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


SAUNDRA L. ASH

v.   Record No. 3043-01-2

RAYMOND D. ASH                        MEMORANDUM OPINION[*] BY
                                      JUDGE LARRY G. ELDER
                                         JULY 23, 2002
RAYMOND D. ASH

v.   RECORD No. 3072-01-2

SAUNDRA L. ASH


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  John Richard Alderman, Judge

          C. A. Barranger for Saundra L. Ash.

          Jennifer E. Crossland (William H.
          Parcell, III; Parcell, Webb & Wallerstein,
          P.C., on briefs), for Raymond D. Ash.


     Saundra L. Ash (wife) and Raymond D. Ash (husband) appeal

from a final decree effecting the equitable distribution of

their property following referral of the matter to a

commissioner in chancery.  On appeal, husband contends the trial

court erred in considering wife's late-filed exceptions to the

commissioner's report because the court made no finding of good

cause for the late filing and, thus, lacked jurisdiction.  Wife

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

contends the trial court erroneously denied her motion to compel husband to provide information she requested in interrogatories regarding the severance package husband would receive following termination by his employer.  She also contends the court erroneously classified the severance package as husband's separate property and various credit card debts as marital property.[1]

We hold a finding of good cause was implicit in the trial court's consideration of wife's late-filed exceptions to the commissioner's report and that its consideration of the exceptions was not error.  We also find that the trial court's classification of the challenged credit card debts as marital was not error.  However, we hold that the court's failure to grant wife's motion to compel discovery deprived wife of the opportunity to obtain evidence relevant to whether any portion of husband's severance package was marital property.  Thus, we reverse the trial court's equitable distribution award and remand for further proceedings consistent with this opinion.

---

[1] Wife's assignments of error complain of the trial court's decision that the credit card debts "were marital debts to be divided equally by the parties."  However, wife's analysis addresses only the classification of the property as marital, not the trial court's decision to divide it equally.  Thus, on appeal, we do not consider the trial court's decision concerning the division of those debts.

I.

FILING OF WIFE'S EXCEPTIONS TO COMMISSIONER'S REPORT

Code § 8.01-615 provides that when a cause is referred to a commissioner in chancery and the commissioner issues a report, "[e]xceptions to the commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court."

Although that code section uses the word "shall," it also expressly provides that the court may allow the filing of exceptions "at a later time" "for good cause shown." Id. The statute does not require a court to extend the time for filing exceptions before the ten-day deadline has expired, and Rule 1:9 expressly provides that a court may extend "[t]he time allowed for filing pleadings . . . although the time fixed already has expired." Finally, the Supreme Court has held that a trial court abused its discretion in denying a motion of a party presenting good cause to extend the time for filing of exceptions to a commissioner's report, even though the extension request was made after the ten-day time for filing already had expired. Lannon v. Lee Connor Realty Corp., 238 Va. 590, 592-94, 385 S.E.2d 380, 381-82 (1989).

Further, we hold that a finding of good cause was implicit in the trial court's ruling to permit the late filing of wife's exceptions. Cf., e.g., Harris v. Commonwealth, 258 Va. 576, 582-84, 520 S.E.2d 825, 828-29 (1999) (holding that evidence

supported trial court's granting of nolle prosequi motion under Code § 19.2-265.3, which required finding of good cause). Wife's counsel represented her "belie[f] [that] the Court had been closed because of bad weather at that time."  Although the clerk of court reported that the court was open on the day the exceptions were due but closed for two days following that date, the trial court expressly ruled at the hearing on July 10, 2000, that it would "allow [the exceptions] to be filed" "under the circumstances . . . given the snow days."  Under the facts of this case, which include the absence of a showing of any prejudice to husband from the late filing, we perceive no abuse of the trial court's discretion in allowing wife's late filing and considering her exceptions.  See Lannon, 238 Va. at 594, 385 S.E.2d at 382.

II.

CLASSIFICATION ISSUES

"[A] commissioner in chancery . . . [is] 'an officer appointed by the chancellor to aid him [or her] in the proper and expeditious performance of his [or her] duties.'  When a trial court refers a cause to a commissioner in chancery, it does not delegate its judicial function to the commissioner . . . ."  Kelker v. Schmidt, 34 Va. App. 129, 136-37, 538 S.E.2d 342, 346 (2000) (quoting Raiford v. Raiford, 193 Va. 221, 226, 68 S.E.2d 888, 891 (1952)) (citations omitted).

"[W]hen the commissioner's finding[s] [are] specifically based on what the commissioner saw and heard," i.e., credibility determinations based on "demeanor and appearance," and "the commissioner [makes clear this reliance by] describ[ing] such observations in his or her report," "the commissioner is in a better position than the trial judge to make factual findings on that basis," and the chancellor must "give 'due regards' to the commissioner's factual findings." Id. at 139-40, 538 S.E.2d at 347-48. Conversely, "if the commissioner's determination is based on the substance of the testimony and not upon the witness' demeanor and appearance, such a finding is as determinable by the trial judge as by the commissioner." Id. at 139, 538 S.E.2d at 347. Under these circumstances, the chancellor's review of the commissioner's determination is akin to review of a conclusion of law. Thus, absent a clearly articulated credibility determination by the commissioner, the chancellor is free to reach a conclusion contrary to that of the commissioner, see id., and on appeal, we affirm the chancellor's determination unless it is plainly wrong, see, e.g., Snyder Plaza Props., Inc. v. Adams Outdoor Advertising, Inc., 259 Va. 635, 641, 528 S.E.2d 452, 456 (2000) (noting that chancellor owes no deference to "pure conclusions of law contained in [commissioner's] report").

Pursuant to Code § 20-107.3, a court dissolving a marriage, "upon request of either party, shall determine the legal title

- 5 -

as between the parties, and the ownership and value of all property" and classify that property as separate property, marital property, or part separate and part marital property. Code § 20-107.3(A). "The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." Code § 20-107.3(C).

Marital property is all property titled in the names of both parties and all other property acquired by each party during the marriage which is not separate property, i.e., property received during the marriage by bequest, devise, descent, survivorship or gift from someone other than the spouse. See Code § 20-107.2(A). "All property . . . acquired by either spouse during the marriage . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property." Id. This presumption applies to the parties' assets as well as their debts. Cf. Stumbo v. Stumbo, 20 Va. App. 685, 692-93, 460 S.E.2d 591, 595 (1995) (referring to "marital property" as defined in Code § 20-107.3 as including both assets and debts).

### A.

### CREDIT CARD DEBT

Wife contends the trial court erred in affirming the commissioner's conclusion that the balances owed on the MBNA,

First Union and Discover credit cards should be classified as marital property and in concluding sua sponte, contrary to the commissioner's report, that the balance owed on husband's GM credit card should also be classified as marital.

We disagree. Because the commissioner's conclusion regarding the GM credit card was not based on specifically articulated credibility determinations, the trial court owed no deference to the commissioner's classification of the GM debt as separate. Further, the trial court had a duty to "reject [the commissioner's] report in whole or in part" if it was contrary to "the law and the evidence," Code § 8.01-610, and we are aware of no principle in the relevant statutes or case law which would prevent the court from doing so sua sponte, see, e.g., Cloutier v. Queen, 35 Va. App. 413, 420-21, 545 S.E.2d 574, 577-78 (2001) (holding in child custody dispute that court had authority under Rule 1:1 to modify its decree sua sponte where "chancellor, after reflection, determined that his initial decision was erroneous and timely corrected it in the same proceeding").

Finally, the evidence, viewed in the light most favorable to husband, the prevailing party below, supported the trial court's conclusion that the balances on all four cards should be classified as marital debt rather than as husband's separate debt. As set out above, the debts acquired by the parties during their marriage are presumed to be marital debts. Code § 20-107.3; Stumbo, 20 Va. App. at 692-93, 460 S.E.2d at 595.

Wife bore the burden of proving that the disputed credit card debts were husband's separate property, and the evidence, viewed in the light most favorable to husband, proved those debts were marital. Although husband testified that he and wife made few directly marital purchases using those cards, his evidence established that the debts on those cards nevertheless were marital debts. Husband paid business expenses with those credit cards, received reimbursements from his company for those business expenses and, instead of applying all reimbursements to the balances on those credit cards, made the minimum payments and used the remaining expense money "just trying to keep the family going." Whether or not wife approved of this method of managing the family's finances, the trial court concluded the reimbursement funds became part of "the family budget," such that the credit card debt was marital. The evidence, viewed in the light most favorable to husband, supports this conclusion.

B.

HUSBAND'S SEVERANCE PACKAGE

Wife contends the trial court erroneously denied her motion to compel husband to provide certain information about his entitlement to a severance package following termination by his employer. We agree and hold that the trial court's ruling on the suppression motion was an abuse of discretion. Thus, we vacate its ruling classifying husband's severance package, if

one existed, as his separate property and remand for additional discovery.

Rule 4:1(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . ." "[T]he granting or denying of discovery is a matter within the discretion of the trial court," but a discovery ruling may be reversed on appeal if "'the action taken was improvident and affected substantial rights.'" O'Brian v. Langley Sch., 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998) (quoting Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970)).

Here, the commissioner's conclusion, adopted by the trial court, was that "a severance package, if paid, would be paid post-separation" and that wife "has duly received her share of husband's pension and savings plan from A&P [husband's former employer]." However, the mere fact that the severance package would have been received after the last separation of the parties was not dispositive of its classification. In classifying a severance package acquired by a party after the last separation, "the touchstone . . . is whether the severance package was intended to compensate the employee for efforts made during the marriage or to replace post-separation earnings." Luczkovich v. Luczkovich, 26 Va. App. 702, 708-09, 496 S.E.2d

- 9 -

157, 160 (1998). Because Code § 20-107.3 presumes that property acquired after the parties' last separation is separate property, a spouse claiming a severance package received after the parties' separation is marital property bears the burden of overcoming the presumption by showing the lump sum payment compensated the receiving spouse for services rendered during the marriage. 26 Va. App. at 710-11, 496 S.E.2d at 161.

In order to attempt to meet the burden of proof set out in Luczkovich, the non-owning spouse is entitled to discover all information bearing upon these issues, including whether or when a severance package has been or will be received and the nature of the severance package as described in any written or oral communications between the receiving spouse and his employer. Wife's interrogatory asked, "What has [husband] been told by his employer about his job including but not limited to how long he can expect to be employed, whether he will be able to transfer to another location, and what his severance package will be." This broadly worded interrogatory was likely to yield evidence relevant to classification of the severance plan under Luczkovich, and the court's refusal to compel the requested discovery deprived wife of information which "substantially affected [her] ability and right to litigate" the classification of husband's severance package if he received one. O'Brian, 256 Va. at 552, 507 S.E.2d at 366. See id. at 551, 507 S.E.2d at 365 (holding court abused discretion in refusing to compel

- 10 -

discovery about actual damages in contract dispute because party seeking discovery needed information to litigate the validity of contract's liquidated damages clause).  Therefore, the trial court's denial of the motion to compel was an abuse of discretion.[2]

### III.

For these reasons, we hold a finding of good cause was implicit in the trial court's consideration of wife's late-filed exceptions to the commissioner's report and that its consideration of the exceptions was not error.  We also find that the trial court's classification of the challenged credit card debts as marital was not error.  However, we hold that the court's failure to grant wife's motion to compel discovery deprived wife of the opportunity to obtain evidence relevant to whether any portion of husband's severance package was marital property.  Thus, we reverse the trial court's equitable

---

[2] Despite husband's argument to the contrary, wife's failure to attempt to obtain this information by subpoena from husband's employer is irrelevant to both (1) husband's duty to provide it in response to wife's interrogatory and (2) the trial court's error in refusing to compel same.  Husband could have moved to quash a subpoena directed to his employer on the same grounds he asserted in his motion to have the severance package classified as separate property, and we presume the trial court would erroneously have granted the motion to quash for the same reasons it erroneously denied the motion to compel.

distribution award and remand for further proceedings consistent
with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part and remanded.</u>