COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


DOROTHY MAE LATIMER

                                                    MEMORANDUM OPINION* BY
v.          Record No. 0008-03-4          JUDGE ELIZABETH A. McCLANAHAN
                                                    JANUARY 28, 2004
DENNIS BRIAN LATIMER


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          LeRoy F. Millette, Jr., Judge

          Mark S. Weiss (Weiss & Wilson, P.C., on brief), for appellant.

          Michael J. Biddinger for appellee.


        Dorothy Mae Latimer appeals from a final decree of divorce from Dennis Brian Latimer.

She contends that the trial court erred in failing to award her spousal support and a portion of

husband's military retirement benefits.  We reverse and remand on the issue regarding the

equitable distribution of husband's military retirement benefits and, thus, necessarily reverse on

the spousal support issue.

                                        I.  Background

        When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting that party the benefit of any reasonable

inferences.  Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  The

parties were married on March 5, 1968.  In 1995, they separated after wife obtained a protective

order against husband.  Following the entry of the order, wife remained in the home, while

husband resided in a different location.  Husband returned to the marital residence after the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

protective order expired, but the parties continued to live separate and apart within the home. After five years of living separate and apart in the same home, wife filed a bill of complaint for divorce seeking, *inter alia*, spousal support pursuant to Code § 20-107.1, as well as equitable distribution of the parties' marital assets pursuant to Code § 20-107.3.

The parties are both college educated. Husband served in the United States Army from 1965 to 1969 and again from 1981 to the end of 1992. Wife worked part-time and full-time jobs during the marriage while raising the parties' three children, all of whom are now over eighteen years of age.

At the time of the hearing on the issues, husband was earning a total of approximately $112,000 per year from four different sources. As a teacher in Prince William County, he earned about $44,000 per year. From his Army Reserve duty he received about $800 per month; in months when he participated in "special training," the amount he received from that source increased to approximately $1,300. He received income from a military voluntary incentive separation plan of $11,000 to $14,000 per year, which was somewhat offset by the amount paid for reserve duty. And finally, he received income from the operation of his cleaning business in the amount of $4,000 to $6,000 per month. Husband noted in his testimony that he does not actually make a profit from the cleaning business after expenses and that he uses it as a tax write-off.

Husband has received his $11,000-$14,000 military voluntary separation payments annually since the end of 1992. He is entitled to receive the payments for a maximum of thirty years, though husband testified that once he begins receiving his military pension, estimated at approximately $3,500 per month, he would be required to pay back all monies received under the plan. He will be eligible to retire in 2004. Husband also stated that he did not know precisely how much he would collect from his military pension, but he estimated that at age sixty, based

on the "points" he had accumulated from active duty and reserve duty, he would receive approximately $3,500 per month. Husband testified that if he accepted the military retirement he would be placed in a "negative cash flow" situation and, therefore, did not plan on retiring at age sixty and would not do so unless he was discharged for medical reasons. At the time of trial, wife was employed as a civilian personnel liaison with a gross salary of $40,996 per year. She testified that she receives small bonuses each year and that she had received $800 in 2000 and $700 in 2001. Wife filed for federal bankruptcy protection in 1995. She has a retirement account through the federal government containing about $9,000.

Husband and wife testified that they have had separate bank accounts since 1987 and that they have no joint accounts. The marital home is, however, jointly owned. Its value was stipulated to be $315,000. The evidence showed that husband has paid the monthly mortgage of $1,565 on the parties' home since it was purchased, including all payments after the parties had separated, even though they were both residing in it. He also pays the homeowner's insurance, home repair bills, and utility bills, except cable. Each party pays his or her own telephone bill, credit card bills, automobile, health, clothing and food expenses. Husband pays for daughter's student loan bills, while wife is covering the daughter's automobile payments. Wife pays the cable bill, a student loan bill, clothing for her children, and had paid for furniture and landscaping of the property. She also owes federal taxes of approximately $5,000, which she is paying on a monthly basis.

At the conclusion of the hearing, in making the equitable distribution award, the trial court stated that it had "taken into consideration all of the factors that the court is to consider on making an award." The trial court did not "go through them individually," but "point[ed] out a couple of them."

The court ordered the parties to sell the marital residence and divide equally the equity in the house, subject to a credit to husband for the mortgage payments he would make from August 1, 2002 until the date of sale. The parties were also directed to equally divide all marital property within the home. Addressing wife's request for permanent spousal support, the court stated:

> That leaves us with the big issue and that's spousal support and in weighing all the evidence in this case, including the court's division of the equitable distribution that I made in this case, which I think is favorable to Mrs. Latimer, based upon her lack of monetary contributions to the house, I'm not going to award any spousal support. I think that there is a lack of ability to pay and a lack of need, based upon the court's ruling in this case.

Regarding the parties' retirement benefits, the court found that there was a "significant disparity." However, it found that it had been "very confusing for the court to try to figure out" husband's retirement benefits when considering the voluntary separation payments. The court also stated it was unsure whether it knew the amount of wife's retirement benefits. The court then ordered that each party maintain and keep their own retirement benefits for the reason that it would be too confusing to value and that the division of the marital residence favored wife, since she did not make any of the mortgage payments on the house but would still receive half of its value. The court's rulings were incorporated in the final decree of divorce.

## II. Analysis

### A. Equitable Distribution

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768 (2000) (internal citations and quotations omitted). The trial court must consider each of the statutory factors, but determines what weight to assign

- 4 -

to each of them.  Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 573 (1988).  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

"An abuse of discretion can be found if the trial court uses an 'improper legal standard in exercising its discretionary function.'"  Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (quoting Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002)).  "[A] trial court 'by definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Code § 20-107.3(A) provides that the trial judge, "upon request of either party, *shall* determine the . . . value of all property, real or personal, tangible or intangible, of the parties . . . ."  (Emphasis added.)  Subsection (A)(2) provides:

> All property including that portion of pensions, profit-sharing or deferred compensation or retirement plans of whatever nature, acquired by either spouse during the marriage, and before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, is presumed to be marital property in the absence of satisfactory evidence that it is separate property.

The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably.  In making an equitable distribution award, the court must:  (1) determine the legal title as between the parties, (2) determine the ownership of the property, (3) classify the property as separate, marital or hybrid, and (4) determine the value of the property.  Code § 20-107.3(A).  In the case of retirement benefits, as here, the court may then distribute the property to the parties, taking into consideration the factors listed in subsection (E) of the statute.  Code § 20-107.3(E) and (G)(1).

- 5 -

In its ruling, the trial court stated:

> Financially, you all's affairs have been in a turmoil and are very difficult for the court to reconcile and straighten out. [T]hen I add to that the fact that there are a number of documents that aren't here, that we need to have and need to straighten out. I don't know what the status of these accounts were at the time the parties separated, which is something I need to know. I don't know what the monies were used for. I'm not even sure that I know how much money everybody is making and how much money –- what kind of retirement plans you have set up.
>
> It's just a very difficult case for the court to make an equitable distribution.

The court further said that even though husband had "significantly more retirement benefits" than wife did, it was "very confusing for the court to try to figure out" husband's retirement benefits and, thus, directed the parties to "keep their own benefits without any distribution." The court said it arrived at the decision because division of the retirement benefits was very confusing to determine, and because wife would be getting half of the equity in the marital residence, which it considered to be in wife's favor.

Applying the requirements of Code § 20-107.3(A), we find that the trial court did determine the legal title and ownership of the retirement benefits; however, it did not classify or determine the value of the retirement benefits. Code § 20-107.3(A) requires a court to classify whether the property is separate, marital or hybrid. It further provides that the portion of a retirement plan acquired by a spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. Because there is an absence of evidence in the record that the portion of the retirement benefits acquired during the parties' marriage is separate, those benefits must be presumed to be marital property. The court is also required to value the marital portion of the retirement benefits. When dividing property upon dissolution of a marriage, the value of *all* property of the parties must be determined. Code § 20-107.3(A); Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991).

The trial court stated that it was not sure it even knew "what kind of retirement plans [the parties] have set up." However, the court had uncontradicted evidence upon which it could have classified and valued husband's military benefits. The evidence included the dates of marriage to and separation from wife, and the dates of husband's military service. The evidence also showed that husband was receiving voluntary separation pay of between $11,000 and $14,000 per year since the end of 1992 and that he would receive it for up to thirty years or until he opted to retire and receive his retirement benefits. The evidence also included husband's testimony that at age sixty, based on the "points" he had accumulated from active duty and reserve duty, he would receive approximately $3,500 per month. Husband also stated that once he begins receiving his military retirement benefits, he is required to pay back all monies received under the plan. Additionally, the court heard evidence on the statutory factors enumerated in Code § 20-107.3(E), which it must consider when fashioning an equitable distribution decree. While the evidence may have been confusing, there was sufficient evidence in the record to classify and value husband's military benefits and to equitably distribute the marital portion of this asset.

The evidence does not support the trial court's finding that it could not determine the parties' equities in husband's retirement benefits. An equitable distribution award must be reversed if "[the chancellor] has not considered or has misapplied one of the statutory mandates [] or . . . the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities . . . ." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). While Code § 20-107.3 does not require that a spouse be awarded a percentage of all marital properties, the court was required to classify the benefits as separate, marital or hybrid, value the marital portion, and decide how to divide the marital portion, taking into consideration the statutory factors.

Without classifying and valuing the retirement benefits, the court could not determine, as it found, that half of the equity in the house offset what wife's portion of the retirement benefits might have been. When a court formulates an equitable distribution award, the award "must go beyond mere guesswork. There must be a proper foundation in the record to support the granting of an award and the amount of the award. When considering whether to make an award, the court must first classify and value the parties' marital and separate property." Stumbo v. Stumbo, 20 Va. App. 685, 693, 460 S.E.2d 591, 595 (1995) (citations omitted).

"While the division or transfer of marital property and the amount of any monetary award are matters committed to the sound discretion of the trial court, 'any division or award must be based on the parties' equities, rights and interests in the property.'" Theismann v. Theismann, 22 Va. App. 557, 564-65, 471 S.E.2d 809, 812 (citations omitted), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). Here, the court failed to follow the procedure as set forth in Code § 20-107.3. Therefore, we find that the trial court's ruling on equitable distribution of husband's retirement benefits was in error, and we reverse and remand on the equitable distribution of husband's retirement benefits.

B. Spousal Support

In declining to make a spousal support award, the court stated that it had weighed all of the evidence, including the equitable distribution award and the factors. The court found that the equitable distribution award was favorable to wife based on the absence of her monetary contributions to the house. However, because we reverse portions of the equitable distribution award, we must direct that the trial court reconsider its spousal support award in light of possible changes in the distribution of the parties' property. See Code § 20-107.3(E)(8). Thus, we do not consider any aspect of the spousal support award on the merits.

## III.  Conclusion

Accordingly, we hold that the trial court abused its discretion in not attempting to classify and value husband's retirement benefits, a portion of which is marital property.  Thus, we remand for reconsideration on the equitable distribution of husband's retirement benefits. Because we remand on the equitable distribution issue, we necessarily remand on the issue of spousal support.

<u>Reversed and remanded.</u>