COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


KYLOR E. WHITAKER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2343-05-4              JUDGE JOHANNA L. FITZPATRICK
                                                         OCTOBER 31, 2006
LYNNE MARIE WHITAKER


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                           LeRoy F. Millette, Jr., Judge

              John E. Byrnes (Maureen E. Danker; Jodi B. Simopoulos;
              Condo Roop Kelly & Byrnes, P.C., on briefs), for appellant.

              Mark B. Sandground, Sr. (Linda Smith; Sandground New &
              Lowinger, P.C., on brief), for appellee.


        Kylor E. Whitaker, husband, appeals the trial court's awards for equitable distribution,

spousal support, and attorney's fees.  On appeal, he contends the trial court erred in (1) classifying

the townhouse as part separate/part marital property and distributing the proceeds from the sale of

the property; (2) finding husband failed to trace his separate interest in the marital residence and

dividing the equity in the marital residence; (3) failing to classify his Navy Federal Credit Union

(NFCU) account, but implicitly treating it as marital property; (4) improperly conflating husband's

separate property with marital property; (5) awarding Lynne Marie Whitaker, wife, spousal support

for ten years; (6) awarding wife $50,000 in attorney's fees without bifurcating the attorney's fees

issue from the merits trial; and (7) allowing wife to testify concerning attorney's fees incurred from

a prior attorney.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Finding the trial court erred by failing to classify the NFCU account as separate, marital, or part separate/part marital property, we reverse and remand for classification of the NFCU account. We also reverse and remand the spousal support and the attorney's fees awards. Both parties request attorneys' fees incurred on appeal, which we deny.

Facts

The parties married in September 1999 and separated in June 2004. They have two children.

Husband acquired the NFCU account in 1982. The account was in husband's name only throughout the duration of the marriage. Wife did not work outside the home for most of the marriage with the exception of a brief period in 2000 in which she worked part-time. Wife's part-time income was deposited into husband's NFCU account. During the marriage, husband's salary was deposited into the NFCU account. Husband stated that this account was used for "general bills" and to pay for large expenses. The evidence showed that the mortgages for both of the properties at issue in the case were paid from the NFCU account. Husband also exercised stock options, resulting in deposits into the NFCU account. Paychecks, expense checks, and employee stock purchases deposited into the account provided "living expenses."

Husband maintains that the NFCU account was his separate property, or to the extent it was hybrid property, he successfully traced certain funds in the account to his separate property. Wife contends the NFCU account was either hybrid or marital property because throughout the marriage, the account was commingled with separate and marital funds, including the salaries earned by the parties during the marriage. In addition, all household expenses were paid from the account.

In April 1999, prior to the marriage, husband contracted to purchase a townhouse. The townhouse was titled in husband's name only, and the mortgage was in husband's name only.

Wife lived in the townhouse with husband after the marriage until August 2002 when they purchased a house (the marital residence). The parties rented the townhouse for a period of time, and the rental income was deposited into the NFCU account.

Husband argues the trial court erred by classifying the townhouse as part separate/part marital property, asserting that he acquired the property prior to the marriage, marital funds reduced the principal balance of the mortgage by only $1,150, and the townhouse was not transmuted into hybrid property as a result of wife's personal efforts. Husband also argues that the rental payments from the townhouse were his separate property because these funds were deposited into his separate account, the NFCU account. Alternatively, husband argues that if the NFCU account was classified as hybrid property, he sufficiently traced the principal reduction that resulted from the rental payments to his separate property during the time period the townhouse was rented. He therefore contends that any reduction in the mortgage principal that resulted from the rental payments for the townhouse was his separate property.

The trial court classified the townhouse as part husband's separate property and part marital property, dividing the marital share equally among the parties. The court further found that husband failed to trace the mortgage payments made during the time period the townhouse was rented to the rental income.

In September 2002, the parties purchased the marital residence. The deed to the house and the mortgage for the house were in husband's name only. Husband wrote two checks from the NFCU account for a total of $25,000 as a down payment for the house. He contends the $25,000 was his separate property because it came from his separate account, the NFCU account. Alternatively, husband argues that if the NFCU account was classified as hybrid property, he successfully traced the $25,000 down payment to his separate property. The trial court classified the marital residence as marital property and divided the equity in the house equally between

husband and wife, finding that husband failed to trace the $25,000 down payment to his separate property.

The trial court also awarded wife $4,000 per month in spousal support for a period of ten years. In addition, the trial court ordered husband to pay $50,000 of wife's attorney's fees and costs. Husband appeals both of these awards and the equitable distribution award. Both parties request attorneys' fees and costs incurred on appeal.

Analysis

> Where an equitable distribution award is appropriate, then all of the provisions of Code § 20-107.3 must be followed. The court must "determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property and which is marital property." Code § 20-107.3(A). This determination must go beyond mere guesswork.

Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987) (citations omitted) (emphasis deleted). After classifying and valuing all of the property at issue, the court may order the division or transfer, or both, of jointly owned marital property or grant a monetary award to either party. See Code § 20-107.3(A), (C) and (D).

The classification of the NFCU account was central to all of the issues raised on appeal. However, the trial court failed to classify the NFCU account as either separate, marital, or hybrid property. Under such circumstances, on appeal we are unable to review the equitable distribution award. Therefore, we reverse the equitable distribution award and remand for classification of the NFCU account and for further consideration by the trial court, guided by Code § 20-107.3.

Furthermore, "where an equitable distribution award is reversed on appeal and 'the provisions with regard to the marital property are to be considered on remand, the court must necessarily re-examine spousal support in the light of whatever new or different considerations

- 4 -

flow from the additional proceedings.'" Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156 (2005) (*en banc*) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985)). Because factors pertinent to spousal support are related to the equitable distribution award, we likewise reverse and remand the spousal support award for adjudication in accordance with Code § 20-107.1. See Stumbo v. Stumbo, 20 Va. App. 685, 694, 460 S.E.2d 591, 595 (1995) (citation omitted). In addition, "because we are remanding the case to the trial court for further consideration, we also remand the matter of attorney's fees [incurred in the trial court]." Id. at 694, 460 S.E.2d at 596.

Both parties request attorneys' fees incurred on appeal. We decline to award either party attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

For the foregoing reasons, we reverse and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.