COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


JOHN SANFORD BOISSEAU

MEMORANDUM OPINION[*] BY
v.        Record No. 2673-07-2          JUDGE ROBERT P. FRANK
                                         OCTOBER 21, 2008

LEE WOOD BOISSEAU


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

W. Reilly Marchant (Marchant, Honey & Baldwin, LLP, on briefs),
for appellant.

Richard L. Locke (Shannon S. Otto; Locke Partin & Deboer, on
brief), for appellee.


John Sanford Boisseau, appellant (husband), appeals from a final decree of divorce from

Lee Wood Boisseau (wife).  Husband assigns error to the trial court's ruling that funds borrowed

from the Boisseau Family Trust was husband's separate debt.  He contends that since those funds

were used for marital expenses, the debt should properly be classified as marital debt and

therefore subject to allocation under Code § 20-107.3(E).  For the reasons stated, we agree with

husband and reverse the trial court's decision.

BACKGROUND

Husband and wife were married on July 6, 1982.  They separated in October 2004.  In the

summer of 2004, before the parties' final separation, husband borrowed $90,000 from the

Boisseau Family Trust.  He used part of the money to pay off an outstanding balance of $47,000

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for an equity line loan on the marital home. Husband also wrote a number of checks to pay other expenses. Wife testified at trial that these checks were all for marital expenses.

ANALYSIS

Pursuant to Code § 20-107.3(A), a court dissolving a marriage, "upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property" and shall classify that property as separate property, marital property, or part separate and part marital property. "The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." Code § 20-107.3(C).

The trial court's classification of property as marital or separate is a factual finding. Therefore, that classification will be reversed on appeal only if it is "'plainly wrong or without evidence to support it.'" Ranney v. Ranney, 45 Va. App. 17, 32, 608 S.E.2d 485, 492 (2005) (quoting McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)).

Marital property is all property titled in the names of both parties and all other property acquired by each party during the marriage which is not separate property, i.e., property received during the marriage by bequest, devise, descent, survivorship or gift from someone other than the spouse. See Code § 20-107.3(A)(2). "All property . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property." Id. This presumption applies to the parties' assets as well as their debts. See Stumbo v. Stumbo, 20 Va. App. 685, 692-93, 460 S.E.2d 591, 595 (1995) (referring to "marital property" as defined in Code § 20-107.3 as including both assets and debts).

> The purpose and nature of the debt, and for and by whom any funds were used, should be considered in deciding whether and how to credit or allot debt. . . . Where the debt was secured by marital assets or was a lien on marital property, the purpose,

- 2 -

nature, and character of the debt and who benefited from it were factors to be considered by the chancellor in distributing the property or in fashioning the monetary award.

Gamer v. Gamer, 16 Va. App. 335, 341, 429 S.E.2d 618, 623 (1993) (citing Trivett v. Trivett, 7 Va. App. 148, 151, 371 S.E.2d 560, 562 (1988)).

In this case, husband contends that the $90,000 loan from the Boisseau Family Trust was used to pay off the $47,123.89 balance of an equity line mortgage and other marital debts, thus benefiting wife. Wife agrees that the standard to determine whether the debt is separate or marital is whether the debt benefited both parties. Wife maintains that the $90,000 was not used for marital debts. However, wife's trial testimony is inconsistent with her argument on appeal. After reviewing the list of checks that represented the distribution of the $90,000 loan, wife acknowledged that they were marital expenses. Wife testified at least twice during her testimony that the loan was used to pay off marital expenses. She also agreed those expenditures were not squandered. On cross-examination, the following testimony was given:

> Q: Now, let's talk for a minute about the $90,000 that Mr. Boisseau borrowed from his Boisseau family trust in the summer of 2004. That money you understand was used to pay off an existing credit line on the house with that, $47,000; correct?
>
> A: Yes, that was one of the exhibits.
>
> Q: Correct. And then there were other checks written off the credit line to total up to $90,000, correct?
>
> A: I didn't see all those, but –
>
> Q: Well, you remember at your deposition, do you not when I asked you about –
>
> A: Yes.
>
> Q: -- all those checks?
>
> A: Yes.
>
> Q. Yeah. And I showed you a list of checks that Sanford said were the reason – were what he expended on the 90,000?

A: True. But he also was making income at that time.

Q: Okay. But I went over those checks with you. And do you remember telling me –

A: Right. They were marital expenses.

Q: They were marital expenses?

A: That's correct.

During the same cross-examination, wife was asked, "you saw the checks that [husband] wrote, and they were all for marital expenses?" Wife responded, "[Y]es." Later in her testimony, wife recalled her deposition testimony, in which she was asked about checks husband had written. When asked about these checks, wife stated, both in her deposition and at trial that those checks were written for marital expenses.

In its letter opinion dated March 27, 2007, the trial court explained why it found the $90,000 debt was husband's separate property. The trial court concluded "that $90,000 borrowed from the Boisseau Family Trust was a unilateral act by [husband]. As such, it is his separate debt and not a marital debt. The loan was incurred shortly before the parties' separation without the consent and knowledge of [wife]."

In response to husband's subsequent motion to reconsider, the court's decision concerning the $90,000 debt, the trial court issued a second letter opinion, dated August 15, 2007, concluding:

> While Dorothy Lee Boisseau (hereinafter "Lee") acknowledged that the debt was ultimately used for marital expenses, she also testified that at the time Sanford borrowed the $90,000.00 from the Boisseau Family Trust, he did so without Lee's knowledge, signature or consent. Lee further testified that when the parties closed on the marital home, Sanford tried to convince the closing firm that the $90,000.00 was a loan constituting a lien against the property that should be satisfied from the proceeds of the marital home. In addition, Lee testified that at the time he borrowed the $90,000.00, Sanford was refusing to help Lee with finances for basic necessities. Lee stated that she was being forced to sell her separate assets to buy food for the family, while Sanford spent

- 4 -

> nearly half of the $90,000.00 to pay off a $47,000.00 equity line that he had previously taken out to purchase automobiles for the children. Having considered both parties' testimony, as well as the statutory factors set forth in Section 20-107.3(E) of the Code of Virginia, the Court found that the $90,000.00 is Sanford's separate debt, thus he is solely responsible for that debt.

While acknowledging wife's concession, the trial court failed to consider whether the proceeds of the $90,000 loan benefited the parties. A loan unknown to a spouse could still be used to benefit both parties by paying marital debts, as it was here. While husband's failure to support wife might be considered in the equitable distribution award, such a fact is not relevant to the classification of the debt. See Stumbo, 20 Va. App. at 692-93, 460 S.E.2d at 595 (holding that a trial court must determine the purpose of the expenses when allocating the debt as separate or marital). An award based on this determination must have a proper foundation in the record. Id. The trial court applied the wrong analysis in classifying the $90,000 loan.

Once the aggrieved spouse shows that marital funds were either withdrawn or used after an irreconcilable breakdown, the party charged with dissipation bears the burden of proving that he spent the money for a proper purpose. Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990). However, in this case, wife affirmatively testified that husband used the $90,000 loan for marital expenses.

A party can concede the facts but cannot concede the law. Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990) (citing Stancil v. United States, 200 F. Supp. 36, 43 (E.D. Va. 1961)); see also Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985). Here, wife, after reviewing the list of expenditures, conceded more than once in her testimony that husband used the $90,000 from the Boisseau Family Trust for marital expenses. This is a factual concession, and wife may not now ask this Court to believe that she was not telling the truth. See Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922)

- 5 -

("[Appellant's] statements of fact and the necessary inferences therefrom are binding upon him.").

Wife cannot rely upon other evidence in conflict with her own testimony to strengthen her case. See Durham v. National Pool Equipment Company, 205 Va. 441, 448, 138 S.E.2d 55, 60 (1964). Cf. Ravenwood Towers v. Woodyard, 244 Va. 51, 55-56, 419 S.E.2d 627, 629-30 (1992) (holding that because the plaintiff testified merely as to her opinion, she was therefore not bound by her trial testimony). "The Massie doctrine does not apply to a litigant's statement of opinion." Beeton v. Beeton, 263 Va. 329, 337, 559 S.E.2d 663, 667 (2002). In this case, however, wife did not offer her opinion or impression as to husband's expenditures.

Wife now asserts that she is not an attorney and would not know what constitutes a marital expense. However, in the context of the questioning, wife's use of the term "marital expense" is not a legal concept. One need only apply common sense to determine whether or not money was used for marital expenses. Upon reviewing the list of expenditures and knowing the marital finances, wife clearly understood whether those expenditures benefited the marriage or only benefited husband. Wife gave a factual concession at trial, and on appeal, she is bound by that concession.[1]

We conclude that the trial court erred in not evaluating the nature and character of the $90,000 debt, as well as who benefited from this loan. The trial court also failed to consider the presumption that debt incurred during the marriage is marital debt. Combined with wife's concession, the trial court incorrectly classified the loan as husband's separate debt.

The $90,000 that husband borrowed from the Boisseau Family Trust was used to repay marital expenses. The loan benefited both husband and wife. We hold that this is martial debt.

---

[1] Indeed, the trial court factually found that wife had acknowledged that the debt in question was ultimately used for marital expenses.

Finally, wife requests that this Court award costs and attorney's fees expended on appeal. Upon consideration of the entire record in this case, we hold that husband's arguments are not frivolous.[2] Therefore, wife is not entitled to attorney's fees expended in this appeal. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we deny wife's request for an award of attorney's fees incurred in this appeal.

CONCLUSION

For the foregoing reasons, we agree with husband that the trial court erred in classifying the $90,000 loan from the Boisseau Family Trust as husband's separate debt. We remand the case to the trial court in order to determine the distribution of the entire marital estate, in accordance with the factors enumerated in Code § 20-107.3(E).

Reversed and remanded.

---

[2] Since this matter did not arise from the juvenile and domestic relations district court, Code § 16.1-278.19 does not govern the award of attorney's fees. See Lynchburg Division of Social Services v. Cook, __ Va. __, __, __ S.E.2d __, __ (Sept. 12, 2008).