### Richmond

UNITED VIRGINIA BANK/NATIONAL, ET AL.

v.

STEPHEN L. BEST, ET AL.

January 22, 1982.

Record No. 790777.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*John H. Rust (Thomas J. Cavuto; Rust, Rust & Pratt,* on briefs), for appellants.
*Randolph W. Church, Jr. (Richard B. Chess, Jr.; Chess, Durette & Roeder,* on brief), for appellees.

THOMPSON, J., delivered the opinion of the Court.

In the companion case of *Lipps* v. *First American Ser. Corp.,* 223 Va. 131, 286 S.E.2d 215 (1982) (this day decided), we held that a due-on-sale acceleration clause in a security deed of trust is not an unreasonable restraint on alienation in Virginia. The lower court in this case decided to the contrary and held that the lender did not have the option to activate the acceleration clause unless it could prove that the security for its obligation was impaired. We disagree with that conclusion and reverse the judgment of the trial court.

In August, 1972, Edward and Anna Firth (Borrowers) acquired property in Fairfax County. To obtain the requisite purchase money, Borrowers executed a promissory note, dated September 25, 1972, payable to United Virginia Bank/National (Lender) for the amount of $66,800, with interest thereon at the rate of seven-and-one half percent per annum. Borrowers also executed a deed of trust conveying the subject property to secure payment of that note. The deed of trust provided in pertinent part:

> And the said parties of the first part, *in order more fully to protect the security of this Deed of Trust,* do hereby agree as follows:
> . . . .
> 7. The maker of the note covenants and agrees that he will not assign or transfer the property secured by this deed of trust without prior approval of the noteholder. [Emphasis added.]

The deed of trust also provided that "[s]hould there be a failure to keep and perform the aforesaid covenants, or any of them . . . then the indebtedness hereby secured, both principal and interest, shall immediately become due and payable."

On March 21, 1978, Stephen and Letty Best (Purchasers) contracted to purchase the property. On March 23, the Purchasers wrote the Lender requesting consent to the transfer as per the deed of trust and requesting information on an assumption. Lender replied on March 29, 1978, that it would consider an assumption but not at a seven-and-one-half percent interest rate. Lender notified Purchasers by letter dated April 24, 1978, that it would allow an assumption at nine-and-one-quarter percent. On May 31, 1978, Borrowers, without Lender's approval, conveyed the subject property by deed "subject to a note secured by a deed of trust." Purchasers notified Lender of the transfer and tendered the June installment. Lender returned Purchasers' check by letter on June 21, 1978, and offered the Purchasers the nine-and-one-quarter percent assumption with a one point assumption fee, leaving the offer open until July 10, 1978. On July 21, 1978, Lender notified the Borrowers that "under the terms of the Deed of Trust the balance is due in full."

On July 3, 1978, Purchasers filed a bill for declaratory judgment in the lower court seeking judgment that (1) the provision in the deed of trust requiring approval by noteholder of the transfer be declared null and void; (2) alternatively, if said provision be valid, that consent not be unreasonably withheld and that the requirement as condition to approval of an increase in interest and one percent assumption fee be declared unreasonable; and (3) that the Lender be required to accept payments from the Purchasers.

After hearing evidence *ore tenus* and considering memoranda filed, the lower court entered its final decree on February 22, 1979, finding, relevant to this opinion, that the provision in question constituted a restraint on alienation and that the restraint was unreasonable because the bank had failed to show that enforcement of the provision was necessary to protect its security.

Purchasers would have us construe the prefatory language of the deed of trust, "[a]nd the said parties of the first part, in order more fully to protect their security of this Deed of Trust, do hereby agree as follows," as a limitation or restriction on the triggering of Covenant 7. Under this theory, before a lender could avail itself of the use of the acceleration clause, it would be com-

pelled to show that its security had been impaired or its risk in the obligation increased. If this were true, lenders in each and every case, as a practical matter, would have to resort to litigation to activate an acceleration clause because impairment of security or increase of risk would entail factual-value judgments which only a court could provide. We do not believe this result was contemplated in the execution of the deed of trust.

If this result were intended, it would have been a simple matter to have made the proper insertion in Covenant 7. The prefatory clause quoted above comes within the description of a preamble, a recital, or a purpose clause. Under settled rules of construction, if the prefatory or recital language conflicts with the obligatory provisions of the contract, then the obligatory provisions must prevail. *Scott* v. *Albermarle Horse Show,* 128 Va. 517, 526, 104 S.E. 842, 845 (1920). *See also Jamison* v. *Franklin Life Insurance Co.,* 60 Ariz. 308, 317, 136 P.2d 265, 269 (1943); *Schmitt* v. *Wright,* 317 Ill. App. 384, 398, 46 N.E.2d 184, 191 (1943); *Hulin* v. *Veatch,* 148 Or. 119, 35 P.2d 253 (1934); and *Martin* v. *Rothwell,* 81 W.Va. 681, 95 S.E. 189, 190 (1918).

We hold that Covenant 7 of this deed of trust was not modified by the prefatory language described herein and that to invoke Covenant 7 Lender did not have to allege or prove that the transfer of property impaired its security or increased its risk.

For the foregoing reasons, the judgment appealed from will be reversed and judgment entered for the appellants.

*Reversed and final judgment.*